In the Matter of ANTHONY D. GIGLIOTTI, Doing Business under the Name of HAWAII KLUB, Respondent, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Appellants.— This is an appeal from an order of the Special Term of Albany County Supreme Court which annulled a determination of respondents (appellants here) disapproving petitioner's application for a retail liquor license for on-premises liquor consumption and which directed the issuance of such license upon compliance with the regulations and the payment of the prescribed fees. The proceeding was brought under article 78 of the Civil Practice Act for the review of such determination. On November 5, 1951, the State Liquor Authority disapproved this petitioner's application for a renewal of his previous license at the same location on the ground that the premises had ceased to be a bona fide restaurant. The application now under consideration was made February 24, 1953, and was disapproved April 14, 1953, the notice of disapproval stating that the premises sought to be licensed were not operated as a bona fide restaurant as required by law in that they were not regularly used and kept open for the serving of meals as defined by subdivision 27 of section 3 of the Alcoholic Beverage Control Law. We are not here concerned with the revocation or cancellation of a license but with the discretion of the State Liquor Authority to determine whether public convenience and advantage will be promoted by the issuance of a license. (Alcoholic Beverage Control Law, § 2.) The same statute (§ 121, subd. 1)

affords a review by the courts to one aggrieved by the refusal of a license. On such review the courts will not interfere with the determination of the Authority unless that action is shown to have been arbitrary or capricious. (*Matter of Fiore* v. *O'Connell,* 297 N. Y. 260, 262.) The pleadings before us present questions of fact on such issues which should not have been summarily decided without trial. The notice of appeal dated July 24, 1953, recited the order appealed from as having been entered on that day, whereas it appears that the date of entry was July 28, 1953. Petitioner does not question that the order had been made at the time the notice of appeal was taken and, apparently, made no effort to have the appeal dismissed. He does not show himself to have been prejudiced in any substantial right by the mistake on appellants' part, which will be disregarded. (Civ. Prac. Act, § 105.) Order reversed and the matter remitted to Special Term for further proceedings, with $10 costs to appellants. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.