Joseph A. Gavagan, J.
This is an article 78 proceeding to review the determination of the State Liquor Authority respondent in approving the application of Columbus Circle Liquor Store, Inc., respondent (hereinafter referred to as Columbus, Inc.) to remove its retail liquor store license from 1 Columbus Circle to 15 Columbus Circle, New York City.
In opposing the permission, this petitioner urges that the delegation of the powers to the State Liquor Authority the sole discretion to authorize removal without setting down guides or standards, is in violation of section 1 of article III of the New York State Constitution; that the determination of the State Liquor Authority was arbitrary, unreasonable and capricious in that the Authority violated its own rules arid regulations in approving such transfer; that the premises moved from was still intact and that a store tenant is still in possession of the premises; that there was a pending application for removal to another and different location rvhen Columbus, Inc., applied for removal to 15 Columbus Circle; that the removal constituted a physical removal of 400 feet- and hence, under the rules, to a new neighborhood, and thereby places the new premises within 220 feet distant from the store of the petitioner and within 300 feet from the next nearest store; that the neighborhood immediately north of Columbus Circle is undergoing a period of transition, with demolition of dwellings and the resultant loss of customers from such source and that the removal has been made to a corner premises.
The Authority’s determination is contained in Exhibit “ IT ” and merely approves the removal.
Concededly no findings of any kind were made by the Authority. It relies upon and states that section 111 of the Alcoholic Beverage Control Law contains no requirements to state and file its reasons.
Transfer of licenses from one premise to another is granted in the discretion of the Authority (Alcoholic Beverage Control Law, § 111). Bulletin No. 279 contains the policy set up by the Authority governing the removal of package stores and the principal elements required.
In the removal in question, Columbus, Inc., had a licensed liquor store at 1 Columbus Circle which premises had been *527 licensed for about 25 years. It had to vacate as tenant because of contemplated demolition of the premises. Application was first made for a removal to 48 West 63rd Street, New York City, and then to 15 Columbus Circle.
After inspection, interview and consideration of all of the pertinent facts, a removal was granted to 15 Columbus Circle upon condition that the sides of the store be bricked up and no signs used on such sides.
Bulletin No. 279 states that unless exceptional circumstances are established to the satisfaction of the Authority, no removal will be permitted to any premises where any portion of such premises is within 10 feet of an intersecting street or avenue. (This is intended to curb problems that have arisen principally in municipalities and other congested areas.)
Subdivision 4 of section 105 of the Alcoholic Beverage Control Law states in substance that a premises licensed shall be deemed to be located solely on the street or avenue on which the public entrance to such premises is situated, notwithstanding that such premises are situated in a building at the intersection of two thoroughfares. 11 No retail license * * * sháll here-
after be granted for any premises having a public entrance on more than one street or having any display window on a street or avenue except that on which the public entrance to such premises is situated.”
Hence under this section and the case of Matter of Reliable Wine & Liquor Shop v. Schimmelman (115 N. Y. S..2d 474) the site of the removal herein granted under the qualification of having bricked-up sides, is not considered a corner store. However, the question is not fully settled, since under Bulletin No. 279 special circumstances must be shown where any portion of such premises is within 10 feet of an intersecting street or avenue.
What special circumstances have to be accepted by the Authority have not been fully stated. Again, it must be borne in mind that the removal in question, although permitted within rule 39 (subd. [2], par. [c]) of the Rules of the State Liquor Authority, must also be considered in light of section 17 of the Alcoholic Beverage Control Law, under which limitation of number of licenses comes within the discretion of the Authority.
The Legislature may constitutionally confer discretion upon an administrative agency only if it limits the field in which the discretion is to operate and provides standards to govern its exercise (Packer Collegiate Inst. v. University of State of New York, 298 N. Y. 184, 189-190; Matter of Seignious v. Rice, 273 N. Y. 44, 50). As stated in Matter of City of Utica v. Water *528 Pollution Control Bd. (5 N Y 2d 164), this does not mean that a precise or specific formula must be furnished in a field where flexibility is required (see, also, Validity of Statute or Ordinance Vesting Discretion in Public Officials, 92 A. L. B. 400).
Having clearly expressed their policy the Legislature in granting the discretion to the State Liquor Authority has indicated the matters which it must only consider under section 2 of the Alcoholic Beverage Control Law.
However, even with a delegated power of discretion and the presence of legislative standards, arbitrary judgment would not suffice (Matter of Elite Dairy Prods. v. Ten Eyck, 271 N. Y. 488). Therefore, in matters concerning the exercise of discretionary powers, the court upon review must determine whether the approval of the removal was arbitrary or unreasonable within the standards set down.
In Matter of Barry v. O’Connell (303 N. Y. 46, 52) it is stated that ‘ ‘ Although the standard fixed by the Legislature for locating ‘ off premises liquor and wine stores in neighborhood communities ’ is required to be a location ‘ which most effectively serves public convenience and advantage ’ ”, the Authority, in its second reason — for disapproving the petitioner’s application, stated (p. 49) its conclusion to be “ In view of the type of neighborhood, there is no need for a package store at the location applied for ”. The determination was annulled. At page 50: “ ‘a reviewing court, in dealing with a determination * * * which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis ’ ”.
At pages 51-52: ‘ ‘ the lack of a statement of the factual basis for the determination * * * impedes the court in its review of that determination. ‘ If the administrative action is to be tested by the basis upon which it purports' to rest, that basis must be set forth with such clarity as to be understandable ’ ”.
Where the action taken is objected to as arbitrary and unreasonable, the law is very specific that the court is without power to disturb discretionary acts of the State Liquor Authority, if there is reasonable basis in law and on the evidence to sustain the action of the Authority (Matter of Gambino v. State Liq. Auth., 4 A D 2d 37; Matter of John J. King, Inc., v. O’Connell, 280 App. Div. 852). As stated in Gambino (supra, p. 38): “ Therefore the test to be applied is whether the record dis *529 closes circumstances which leave no possible scope for tbe exercise of the Authority’s discretion ”,
The petitioner has presented its proof that there is no need of another store in a neighborhood which is now being partially demolished (of which the court takes judicial notice) and that there are no special circumstances which would warrant the removal of the license to 15 Columbus Circle in view of other locations which the licensee may move to. In short, that the Authority’s ruling was without basis contrary to the law and their own rules and is arbitrary and unreasonable. As further stated in Matter of Barry v. O’Connell (supra, p. 52): “ It will not do for a court to be compelled to guess at the theory underlying the agency’s action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive.”
The court is not trying to determine whether there is substantial evidence to support the determination or to substitute its judgment for that of the Authority, which could not be overruled if there is any possible scope for its exercise. What the court has endeavored to do but which it can not do, upon the record and the Authority’s naked determination is decide whether the determination was arbitrary, unreasonable or contrary to law (Matter of Elite Dairy Prods. v. Ten Eyck, supra). The objection that the premises removed from is still standing is not seriously considered and is without merit.
Accordingly, the matter is remanded for any further proceeding, not inconsistent with this decision, deemed advisable, to enable the Authority to submit a basis for its action and from which a protestant may prepare his challenge to the determination, if necessary and so advised, and to enable the court to decide whether such determination is right or wrong.