John P. Donohoe, J.
Defendants’ motion to dismiss the complaint is granted. Plaintiffs’ motion for a preliminary injunction is, accordingly, denied.
The complaint in this action sets forth nine causes of action on behalf of various persons who are chiropractors. The complaint demands judgment declaring that certain portions of article 132 of the Education Law which require examinations as a prerequisite to licensing chiropractors are unconstitutional. The main thrust of the complaint is directed at the subject matter to be covered by the examinations and is based upon allegations to the effect that (1) subject matter is covered in the examinations which is not included in the practice permitted chiropractors under law, (2) subject matter is included in examinations which is not required of other classes of persons performing the same functions, (3) the legislation contains limitations which are discriminatory in other ways. Plaintiffs claim that a considerable portion of the act is arbitrary, unreasonable and discriminatory.
Specifically, it is alleged to be an unreasonable discrimination that chiropractors of less than two years’ practice experience are required to take the same examination given applicants for medical certificates in anatomy, physiology, chemistry, hygiene, bacteriology, pathology and diagnosis; that chiropractors of between 2 and 7 years’ experience must take similar examinations; that chiropractors who have practiced between 7 and 15 years must take an examination in fundamentals of anatomy and physiology, prepared by persons who are not qualified chiropractors; that all applicants must take an examination in the use and effects of X. ray, when the same examination is not required of doctors of medicine, dentists, podiatrists or osteopaths and finally, that an unreasonable distinction is drawn as to persons who have practiced chiropractic for longer periods in that the subjects of which examination are waived is not within the scope of their usual practice activities in any event.
All of the allegations of the complaint are, of course, given full credence on this motion for judgment on the pleadings. (Schmidt v. Rebhann, 108 N. Y. S. 2d 441.) The sole question is the sufficiency of the complaint to allege the unconstitutionality of the disputed statutes.
The central question here is the appropriateness of the legislation in question as regulation of the licensing of chiropractors. (Dent v. West Virginia, 129 U. S. 114.) Plaintiffs’ contention is, in the main, that the examinations are a test of medical, rather than chiropractic knowledge, and are therefore inappropriate.
*16 In examining the question, the court will bear in mind the basic doctrine that a legislative enactment carries with it a strong presumption of constitutionality, that is, it is presumed to be supported by facts known to the Legislature. (Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413; United States v. Carolene Prods. Co., 304 U. S. 144, 152; South Carolina Highway Dept. v. Barnwell Bros., 303 U. S. 177.)
The extension of legislative power into the regulation of greater areas of public interest, health and safety is too well recognized to be contradicted. The licensing power has been extended into widened areas. ¡Regulation of the sale of milk has been established in decisions confirming that the effect upon public interest is the criterion of proper regulation (Matter of Elite Dairy Prods. v. Ten Eyck, 271 N. Y. 488) where regulation is reasonably related to safeguarding the public and is not so lacking in reason for its promulgation that it is essentially arbitrary. (Matter of Stracquadanio v. Department of Health, 285 N. Y. 93, 97 and the cases cited therein.)
The power of the Legislature to require proof of competence in a given field which will affect public interest has been adequately demonstrated (People ex rel. Nechamcus v. Warden, 144 N. Y. 529, 536; Paterson v. University of the State of New York, 40 Misc 2d 1023) subject always to judicial review to determine whether regulation by license serves the public interest (Hauser v. North British & Mercantile Ins. Co., 206 N. Y. 455, 461) and to the prohibition against delegation of legislative power to administrative officers. (Matter of Seignious v. Rice, 273 N. Y. 44, 49.)
In the process of regulation and control there does not exist any absolute prohibition against selection between classes. The Legislature may select, unless it can be demonstrated that its purpose in discriminating was to favor one business over another. (Schacht v. City of New York, 40 Misc 2d 303.) The mere fact that one group exercising a function may be required to obtain licenses while another exercising similar ones is exempt is not sufficient to permit the conclusion that control of the one constitutes unequal protection proscribed by law. (Berkowitz v. Wilson, 118 N. Y. S. 2d 291, affd. 282 App. Div. 875, affd. 307 N. Y. 851.) 3STor does the doctrine of equal protection of laws mandate the constant and perfect balancing of burdens in our society. (Mid-States Frgt. Lines v. Bates, 279 App. Div. 451, affd. 304 N. Y. 700.)
In this case, the court is presented with a legislative enactment which (1) requires chiropractors to be licensed and (2) established the standards under which they shall be licensed and *17 may practice. The legislation is specific in this, prescribing, as it does, the subjects of examinations, and not deferring to any administrative officer the policy-making function of setting up criteria.
The complaint and the affidavit and the memoranda supplied to the court have brought out certain salient truths, relevant to this decision. The prime one is that chiropractors treat the sick, by a process of removal of spinal subluxation in order to permit neural processes to perform their normal functions. Failing in this, as they state they sometimes do, they refer patients to physicians or surgeons. In their own limited diagnostic techniques, having to do only with juxtaposition of vertebrae, they use X ray. This is a large contributing factor in total radiation problems which have otherwise come before our courts. (Chiropractic Assn. v. Hilleboe, 12 N Y 2d 109.)
The Legislature was warranted in not taking chances, and in requiring chiropractors to prove their knowledge of the use and effects of X rays, and to require that they show some knowledge of anatomy, physiology, chemistry, hygiene, bacteriology, pathology and diagnosis as specified in article 132. The Legislature is not bound to prohibit every use of X rays in order to make a prohibition effective where it is most needed (Radice v. New York, 264 U. S. 292, 297-298). The exercise of legislative discretion exhibited in this case in adopting a different attack, upon an evil clearly proved to exist, is not subject to judicial re-examination. (Williams v. Mayor, 289 U. S. 36, 42.) It is not the function of this court to determine whether the public policy that finds expression in legislation of this order is well or ill conceived. The Legislature was not under the duty to cover the whole field of possible abuses in order to strike at what it deemed the most flagrant. The challenged statute has conferred on chiropractors privileges which the Court of Appeals has held they could not claim as a matter of constitutional right. This is ample to meet the challenge that it is unconstitutional.