Lawrence H. Cooke, J.
Plaintiffs, the owners of two retail liquor package stores in Queens County, on behalf of themselves and all other licensed owners of such stores, institute this action for a declaratory judgment that sections 13 and 14 of chapter 531 of the Laws of 1964 are invalid and for injunctive relief. At this point, plaintiffs apply for a preliminary injunction restraining defendant from enforcing the provisions of said sections and defendant cross-moves for dismissal of the complaint on the ground that it fails to state a cause of action. Because of said cross motion, plaintiffs urge that they are entitled to summary judgment under subdivision (c) of 3211 CPLR.
Said chapter 531 was enacted at an Extraordinary Session of the Legislature and became a law on April 16, 1964 with the approval of the Governor. Sections 13 and 14, as controverted here and which took effect immediately, provide:
“ § 13. Subdivisions four and four-a of section one hundred five of such law, subdivision four having been amended by chapter five hundred twenty of the laws of nineteen hundred forty-seven, and subdivision four-a having been amended by chapter five hundred sixty-six of the laws of nineteen hundred forty-one, are hereby repealed.
*684 “ § 14. Nothing contained in section thirteen of this act shall be construed as impairing or affecting the power of the state liquor authority to determine, in accordance with other provisions of the alcoholic beverage control law, whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby.”
Subdivision 4 of section 105 of the Alcoholic Beverage Control Law, as repealed by section 13 and as pertinent here, had specified: “4. No retail license to sell liquor and/or wine for off-premises consumption shall be granted in cities having a population of one million or more for any premises which shall be located within fifteen hundred feet of any premises holding a similar license on the same street or avenue; elsewhere, no such license may be granted for premises which are located within seven hundred feet of any other premises so licensed on the same street or avenue.” Subdivision 4-a had provided that the Liquor Authority could permit, in its discretion, premises first licensed prior to January 1, 1941 to be removed not to exceed 100 feet in order to carry out or improve the purpose of subdivision 4, notwithstanding the provisions of said subdivision 4.-
We start with the legal principles that a legislative enactment carries with it an exceedingly strong presumption of constitutionality, that while this presumption is rebuttable unconstitutionality must be demonstrated beyond a reasonable doubt, that every intendment is in favor of the statute’s validity, that the party alleging unconstitutionality has a heavy burden and that only as a last resort will courts strike down legislative enactments on the ground of unconstitutionality (I. L. F. Y. Co. v. Temporary State Houting Rent Comm., 10 N Y 2d 263, 269, app. dsmd. 369 U. S. 795; Wiggins v. Town of Somers, 4 N Y 2d 215, 218-219; Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413, 415, 418; Farrington v. Pinckney, 1 N Y 2d 74, 78; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367). Nor may courts substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation and the convictions expressed by plaintiffs as to the soundness and efficacy of the statute have no bearing on its constitutionality (Ferguson v. Skrupa, 372 U. S. 726, 780; Communications Assn. v. Douds, 339 U. S. 382, 400-401; National Psychological Assn. v. University of State of N. Y., 8 N Y 2d 197, 203, app. dsmd. 365 U. S. 298; Thompson *685 v. Wallin, 301 N. Y. 476, 488, affd. sub nom. Adler v. Board of Educ. of City of N. Y., 342 IT. S. 485, 801, 951).
There is a further presumption that the Legislature has investigated for and found facts necessary to support the legislation (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, 269, supra; Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413, 415, supra; East N. Y. Sav. Bank v. Hahn, 293 N. Y. 622, 628, affd. 326 U. S. 230; Szold v. Outlet Embroidery Supply Co., 274 N. Y. 271, 278). But, besides this generality, the Legislature had before it on April 16, 1964, when it passed chapter 531, five Study Papers and four Reports of the Moreland Commission on the Alcoholic Beverage Control Law, said commission having been appointed by the Governor on February 15, 1963 and directed to undertake a ‘ ‘ thorough study and reappraisal of the Law with respect to the sale and distribution of alcoholic beverages in the State ’ ’ and to propose any revisions of the law which might be found necessary “ in the light of experience and current social and economic conditions.” (See the Commission’s “ Report and Recommendations No. 1 — The Licensing and Regulation of Retail Package Liquor Stores ”, submitted on January 3, 1964, pp. 15, 44, 46.)
Plaintiffs ’ attack is centered in the argument that the sections in question are an invalid delegation of legislative power to defendant, the effect of the repeal of subdivisions 4 and 4-a of said section 105 being to grant to defendant an uncontrolled and unguided power to license liquor stores with, at most, only vague standards.
Section 1 of article III of the Constitution of this State provides : ‘ ‘ The legislative power of this State shall be vested in the Senate and Assembly ” and, because of this provision, the Legislature cannot pass on its law-making functions to other bodies (Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184, 189; Matter of Mooney v. Cohen, 272 N. Y. 33, 37; Darweger v. Staats, 267 N. Y. 290, 304-305; Stanton v. Board of Supervisors, 191 N. Y. 428, 432). There is, however, no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature (Buttfield v. Stranahan, 192 U. S. 470, 496; Field v. Clark, 143 U. S. 649; Matter of Federal Tel. & Radio Corp. [Corsi], 301 N. Y. 95, 99; Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184, 190, supra; Village of Saratoga Springs v. Saratoga Gas, Elec. Light & Power Co., 191 N. Y. 123, 136-138; Matter of Aloe v. Dassler, 278 App. Div. 975, affd. *686 303 N. Y. 878; Matter of Barone v. Waterfront Comm. of N. Y. Harbor, 18 Misc 2d 1066, 1069, affd. 8 A D 2d 783, affd. 7 NY 2d 913). It has been stated that the true distinction is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law; that the first cannot be done; but, to the latter, no valid objection can be made. (Field v. Clark, 143 U. S. 649, supra; Tropp v. Knickerbocker Vil., 205 Misc. 200, 211-212, affd. 284 App. Div. 935; Matter of Olp v. Town of Brighton, 173 Misc. 1079, affd. 262 App. Div. 944.)
The Legislature may constitutionally confer discretion upon an administrative agency only if it limits the field in which that discretion is to operate and provides standards to govern its exercise; but this does not mean that a precise or specific formula must be furnished in a field where flexibility and the adaptation of the legislative policy to infinitely variable conditions constitute the essence of the program and the standards or guides need only be prescribed in so detailed a fashion as is reasonably practicable in the light of the complexities of the particular area to be regulated, as necessity fixes a point beyond which it is unreasonable and impracticable to compel the Legislature to prescribe detailed rules (Lichter v. United States, 334 U. S. 742, 785; Chiropractic Assn. of N. Y. v. Hilleboe, 12 N Y 2d 109, 120; Matter of City of Utica v. Water Control Bd., 5 N Y 2d 164, 168-170). The courts have long recognized that the Legislature may and indeed, in many cases, has no alternative but to enact statutes in broad outline, leaving to administrative officials enforcing them the duty of arranging the details (Matter of People [Nat. Sur. Co.], 239 App. Div. 490, 496, affd. 264 N. Y. 473; Matter of People [Int. Workers Order], 199 Misc. 941, 972, affd. 280 App. Div. 517, affd. 305 N. Y. 258).
More particularly, the law is well settled that it is not always necessary that license legislation prescribe a specific rule of action and, where it is difficult or impractical for the Legislature to lay down a definite and comprehensive rule, a reasonable amount of discretion may be delegated to the administrative officials (Matter of Barton Trucking Corp. v. O’Connell, 7 N Y 2d 299, 307, 312; Matter of Bologno v. O’Connell, 7 N Y 2d 155, 159; Matter of Marburg v. Cole, 286 N. Y. 202, 211-212).
Section 2 of the Alcoholic Beverage Control Law, as enacted by chapter 478 of the Laws of 1934, provides in part: “It is hereby declared as the policy of the state that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of *687 fostering and promoting temperance in their consumption and respect for and obedience to law. It is hereby declared that such policy will best be carried out by empowering the liquor authority of the state to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby, subject only to the right of judicial review hereinafter provided for.” Tims, the standard prescribed by the Legislature for the Liquor Authority in determining the issuance of licenses, the increase or decrease in the number thereof and the location of licensed premises is, as it has been,1 ‘ whether public convenience and advantage will be promoted ”. This guide was reaffirmed by the enactment of section 14 of chapter 531 of the Laws of 1964 which explicitly repeated the test of ‘ ‘ public convenience and advantage ’ ’.
This standard has been judicially recognized and accepted. By actual use, it has not been too vague. In Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518, 524) the Court of Appeals declared: “ The Legislature has made it clear that it is for the Liquor Authority ‘ to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises licensed thereby, subject only to the right of judicial review ’ (Alcoholic Beverage Control Law, § 2). * * * No one questions the authority’s discretionary power to refuse to permit removal of a store to particular shopping center, if there is a basis therefor in the record, on the ground that public convenience and advantage would not thereby be promoted. ” And at page 526: “As the Legislature itself has proclaimed, it is the public convenience and advantage that must be served and promoted.”
In Matter of Drew v. State Liq. Auth. (2 A D 2d 75, 78, affd. 2 N Y 2d 624) the Appellate Division observed: “ In considering this appeal we must keep in mind the fact that the State Liquor Authority, by virtue of legislative enactment, exercises the police power of the State in the regulation of liquor traffic and is empowered ‘ to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises licensed thereby ’. (Alcoholic Beverage Control Law, § 2.) ” In Matter of F & S Liqs. v. State Liq. Auth (19 A D 2d 359, 360) we read of “ the statutory canon, ‘ public convenience and advantage ’ ”, This standard has been employed in numerous other decisions since the original enactment of section 2 of the Alcoholic Beverage Control Law in 1934 (e.g., Matter of Williamson v. New York *688 State Liq. Auth., 14 N Y 2d 360; Matter of Barry v. O’Connell, 303 N. Y. 46, 53; Matter of Williamson v. New York State Liq. Auth., 20 A D 2d 544; Matter of Lenward Liq. Corp. v. New York State Liq. Auth., 19 A D 2d 612; Matter of Camperlengo v. State Liq. Auth., 16 A D 2d 342, 344-345; Matter of Kavanagh v. Bohan, 13 A D 2d 797; Matter of Gambino v. State Liq. Auth., 4 AD 2d 37, affd. 4 N Y 2d 997; Matter of Gigliotti v. O’Connell, 282 App. Div. 1089, app. dsmd. 307 N. Y. 700; Matter of Restaurants & Patisseries Longchamps v. O’Connell, 271 App. Div. 684, 686-687, affd. 296 N. Y. 888). In Matter of Patin v. State Liq. Auth. (23 Misc 2d 525, 528 [1960]) the court rejected the claim that powers were delegated to the State Liquor Authority regarding removal of retail liquor store licenses without setting down guides or standards and held: ‘ ‘ Having clearly expressed their policy the Legislature in granting the discretion to the State Liquor Authority has indicated the matters which it must only consider under section 2 of the Alcoholic Beverage Control Law.”
The standard of “ public convenience and advantage ” is sufficiently specific and clear when viewed in the light of other statutory standards which have been upheld (see, e.g., National Broadcasting Co. v. United States, 319 U. S. 190, 225-226 [“public interest, convenience, or necessity” in establishing rules under the Federal Communications Act]; New York Cent. Securities Co. v. United States, 287 U. S. 12 [“ public interest ” regarding acquisition by one carrier of another]; Chiropractic Assn. of N. Y. v. Hilleboe, 12 N Y 2d 109, 118 [“ matters affecting the security of life or health or the preservation or improvement of public health”]; People ex rel. Doscher v. Sisson, 222 N. Y. 387, 391 [‘ public peace, safety and good order ” regarding wartime sale of alcoholic beverages]; Matter of International Ry. Co. v. Public Serv. Comm., 264 App. Div. 506, affd. 289 N. Y. 830 [contract not in the “ public interest ”]; Matter of Rudack v. Valentine, 163 Misc. 326, 328, affd. 274 N. Y. 615 [“ public convenience, welfare and necessity” for additional taxicabs]; cf. Lichter v. United States, 334 U. S. 742, 782, supra; Matter of Old Republic Ins. Co. v. Wikler, 9 N Y 2d 524, 532).
The standard of “ public convenience or advantage ” is not so vague and indefinite as to be a mere general reference to public welfare since the policy of the State, the purpose of the Alcoholic Beverage Control Law, the requirements it imposes and the context of the provision in question show the contrary. This criterion is related to the main purposes of the law which are stated to be “ fostering and promoting temperance ’ ’ in the *689 consumption of alcoholic beverages and ‘ ‘ respect for and obedience to law”. (Alcoholic Beverage Control Law, § 2.) Obviously, the Legislature sought the number of licenses and the location of licensed premises so as to promote temperance and respect for law and, surely, public convenience and advantage are related thereto.
The Legislature, 30 years ago, laid down an intelligible principle in a field where flexibility is essential. Conditions vary from place to place in our far-flung, populous and cosmopolitan State. Population centers, neighborhood uses, products, customer habits and preferences, merchandising methods and advertising, transportation routes and facilities do not remain static. There was and is good reason to expect that the members of the Liquor Authority would be vastly more familiar with liquor industry problems and solutions throughout the State than individual legislators. Practical necessities compelled the Legislature to assign broad functions to the Authority and to leave to it the duty of bringing about the result pointed out by the statute and to arrange the details, this being particularly so regarding licensing legislation as involved here.
Plaintiffs contend that the effect of the repeal of subdivision 4 of section 105 of the Alcoholic Beverage Control Law is to “grant to Defendant an uncontrolled and unguided discretion to license hundreds and thousands of other retail liquor package stores, without any standards to guide defendant as to where such stores1 shall be placed”. The limitation as set forth in said subdivision applied to distances between licensed premises on the same street and, because of an amendment enacted by chapter 549 of the Laws of 1946, package stores were permitted on side streets as well as main streets so that, at the time of said repeal in 1964, stores could be located back to back and around the corner from each other. The limitation as to distance, therefore, had been diluted. Furthermore, said subdivision did not limit the number of stores. But, more important, the standard of ‘ ‘ public convenience and advantage ’ ’ as set forth in section 2 is the same now as before — unaffected by said repeal. As a matter of fact, it was reaffirmed by section 14 of chapter 531.
Plaintiffs allege that their investment and property rights are threatened by the enforcement of sections 13 and 14 of chapter 531 of the Laws of 1964. Licenses to sell liquors are not contracts between the State and the person licensed such as to give the latter vested rights and so as to be protected against subsequent legislation (People ex rel. Lodes v. Department of Health, 189 N. Y. 187, 192; Matter of Cohen v. Splain, 42 N. Y. S. *690 2d 498, affd. 266 App. Div. 678, affd. 291 N. Y. 558). No person has a vested interest in any law or legislative policy which entitles him to have it remain unaltered for his benefit (Matter of Eagan v. Livoti, 287 N. Y. 464, 468-469). The power to enact necessarily implies the power to repeal and one Legislature cannot be limited or bound by the actions of a previous one (Farrington v. Pinckney, 1 N Y 2d 74, 82).
Clearly, the sections in question are constitutional.
We come to a point of procedure. While the presence of a constitutional question or the legality or meaning of a statute and the absence of a question of fact permit resort to a declaratory judgment action (Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206), it is a well-established principle that a complaint in an action for declaratory judgment should not be dismissed as insufficient merely because on the face of the facts alleged it would appear that plaintiff is not entitled to a declaration of rights as he claims them to be for, in such a case, the court should retain jurisdiction and declare the rights of the parties whatever they may be (Lanza v. Wagner, 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74; Cahill v. Regan, 5 N Y 2d 292, 298; Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51). Here, the material allegations of the complaint are admitted and no questions of fact are presented. Indeed, the salient facts involve a public law and matters of public record concerning which there is no question of fact (see People v. Herkimer, 4 Cow. 345; Browne v. City of New York, 213 App. Div. 206, 233, affd. 241 N. Y. 96; Brown v. Sentinel Investigations Serv., 39 Misc 2d 635, 636). The parties, by their argument of the merits, by the papers submitted and by the motions which have been made, have in effect requested this court to determine their rights with respect to the matters referred to in the complaint. Defendant, in its notice of cross motion, has not only asked for a dismissal of the complaint but “ such other and further relief as to this Court may seem just and proper ” and plaintiffs, in their papers and on argument, have asked for summary judgment under subdivision (c) of 3211 CPLB.. Attention is called to subdivision (b) of 3212 CPLR. Under the circumstances present here, there being no issue of fact, declaratory judgment may appropriately be directed (Civil Serv. Forum v. New York City Tr. Auth., 4 A D 2d 117, 129-130, affd. 4 N Y 2d 866; Grove Hill Reatty Co. v. Ferncliff Cemetery Assn., 9 Misc 2d 47, 48-49, affd. 7 A D 2d 736, affd. 7 N Y 2d 403; Hoffman v. City of Syracuse, 2 N Y 2d 484, 487; German Masonic Temple Assn. v. City of New York., 279 N. Y. 452, 457). The court’s attention has been called to the decision *691 in Wasmuth v. Allen (14 N Y 2d 391) but the procedural question does not appear to have been raised there. Said opinion contains the clause (p. 394): “ since the primary dispositive and over-all issue is whether the complaint is sufficient to allege the unconstitutional ity of the statute ” and the opinion at Special Term stated (43 Misc 2d 14, 15): “ The sole question is the sufficiency of the complaint to allege the unconstitutionality of the disputed statutes.” Furthermore, the order appealed from there and as affirmed includes the following: “ adjudged, that Laws of 1963, Chapters 780 and 781, adding Article 132 to the Education Law of the State of New York, are in all respects constitutional and valid.”
The motion to dismiss the complaint is denied and judgment is directed in favor of defendant declaring sections 13 and 14 of chapter 531 of the Laws of 1964 to be in all respects constitutional and valid. Plaintiffs’ application for a preliminary injunction is denied.