Russell G. Hunt, J.
The plaintiffs, licensed to operate retail package stores at locations within and without New York City, bring this action for a declaratory judgment (1) testing the constitutionality of chapter 531 of the Laws of 1964 (§§ 9, 10,11,13 and 14); (2) enjoining the enforcement against the plaintiffs of section 7 (being that part designated as Alcoholic Beverage Control Law, § 101-fo, subd. 3, par. [fo]) and section 10 (being that part designated as Alcoholic Beverage Control Law, § 101-bb) “insofar as such compliance is dependent upon the submission by other persons of the affirmations and verifications required by section 9 ” (see, demand for relief, complaint); (3) a declaration that the Authority’s Bulletin No. 390 and rule 17 are invalid; and (4) a preliminary injunction restraining the defendants from enforcing the sections of the act set forth above.
Of immediate concern is the application for a ‘ ‘ preliminary injunction with restraining order ” (order to show cause, Nov. 24, 1964) pending the final determination of the action. The defendants did not cross-move for dismissal.
Chapter 53-1, section 7 (§ 101-fo, subd. 3, par [fo]) provides that “ No brand of liquor or wine shall be sold to or purchased by a retailer ’ ’ except at the price and discounts shown in a schedule filed by the seller (manufacturer or wholesaler) with the Authority unless the latter has authorized a different price. A companion section, section 10 (§ 101-fofo), prohibits sales by retailers at less than cost (i.e., the schedule price) unless authorized by the Authority.
Section 9 of chapter 531 (§ 101-b, subd. 3, pars. [d]-[k] inclusive) requires the filing of affirmations by the owners and agents of owners of brand liquor, and, any wholesaler and anyone else filing a schedule, that the scheduled prices to wholesalers and retailers are “no higher than the lowest price at which such item of liquor was sold by such brand owner or such wholesaler designated as agent, or any related person, to any ” wholesaler or retailer, as the case may be, anywhere in any other State of *315 the United States or in the District of Columbia “ at any time during the calendar month immediately preceding the month in which such schedule is filed. ’ ’
Section 11 of chapter 531 repealed section 101-c of such law, as added by chapter 689 of the Laws of 1950; such section was entitled “ Minimum consumer resale prices ”.
The constitutionality of sections 13 and 14 of chapter 531 has been upheld (Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707) and this disposes of those allegations of the complaint (pars. 28, 29, 30 and 45) relative to the invalidity of Bulletin No. 390 and the amended rule 17. The latter claim of invalidity rested solely upon the allegations that the two sections were void.
With respect to section 7 of the act (§ 101-b, subd. 3, par. [b]) which simply forbids the sale of brand liquors and wines to retailers except at prices shown on schedules filed by the sellers, the plaintiffs have failed to overcome the presumption of its constitutionality. On the contrary, the price-fixing mandated by the act is a proper exercise of the police power (see Matter of Levine v. O’Connell, 275 App. Div. 217, affd. 300 N. Y. 658; People v. Nebbia, 262 N. Y. 259, affd. 291 U. S. 502). In the Nebbia case, the United States Supreme Court said, (p. 529): ‘ ‘ Legislation concerning sales of goods, and incidentally affecting prices, has repeatedly been held valid. ’ ’ The same holding applies with respect to the plaintiffs’ complaints regarding sections 10 and 11. The repeal effected by section 11 was a necessary corollary to the enactment of the new price-fixing provisions of section 7 in relation to retailers.
The interest of the plaintiffs which would give them the right to challenge the validity of section 9 has not been established. It has not been shown that they have sustained, or will sustain in the future, damage to a pecuniary interest or that there has been imposed upon them some other burden or obligation. So far as these plaintiffs are concerned, section 9 is not related to section 7 except in the possibility that the effect of section 9 might result in lower schedule prices to retailers. This, however, cannot be said to be harmful or damaging to one’s pecuniary interests. It follows, therefore, that they are not aggrieved parties (Wolfson v. Darnell, 12 N Y 2d 819; Ward v. Iroquois Gas Gorp., 258 N. Y. 124; Town of Pierrepont v. Loveless, 72 N. Y. 211, 216). The application for a temporary injunction is denied and the stay is lifted.