In the Matter of HUB WINE & LIQUOR Co., INC., et al., Respondents, *v.* STATE LIQUOR AUTHORITY, Appellant.

First Department, February 18, 1965.

Lawrence Kunin of counsel (Hyman Amsel, attorney), for appellant.

Monroe I. Katcher, II, for respondents.

Per Curiam. From 1934, City Stores Company, Inc., and a predecessor company (Hearn's Liquor Store) have had a license issued by the State Liquor Authority (hereinafter Authority), to operate a retail liquor store for the sale of alcoholic beverages at retail for premises located at 74–76 Fifth Avenue, Manhattan. This license has been renewed annually, the last such renewal being for a period ending February 28, 1965.

On April 30, 1964, City Stores filed a petition with the New York City Alcoholic Beverage Control Board seeking removal to 413 East 149th Street, The Bronx — the location of Hearn's Bronx Department Store. Petitioners-respondents, who are licensed operators of four retail liquor stores closest to the relocation sought by City Stores, were notified of the application for removal and submitted material to the Local Board in support of their contention that the convenience and advantage of the public would be adversely affected by permitting the removal. After due consideration and investigation, the New York City Board, on May 27, 1964, recommended that the application for removal be disapproved.

Thereafter, in August, 1964, the Authority nevertheless approved the removal application. However, the Authority gave no indication of the bases for such approval; for overruling the prior determination of the New York City Board; or for rejecting the objections of the four retail liquor stores in the area in which City Stores was to relocate. Petitioners then commenced this article 78 proceeding to review the determination of the Authority. Special Term annulled the determination and remanded the matter to the Authority for redetermination. Pursuant to CPLR 5701 (subd. [c]) the Authority was granted leave to appeal by the Justice who made the order.

There is no question that the transfer of a license lies within the discretion of the Authority (Alcoholic Beverage Control Law, § 111; Matter of Rockower v. State Liq. Auth., 4 N Y 2d 128, 131). In the exercise of that discretion the Authority must, however, give heed to the underlying policy of the Alcoholic Beverage Control Law (§ 2) " to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease

in the number thereof and the location of premises licensed thereby, subject only to the right of judicial review hereinafter provided for.''

In *Matter of Williamson* v. *New York State Liq. Auth.* (14 N Y 2d 360) it was held that in passing upon applications for removal, the Authority is compelled by statute to consult the convenience and advantage of the public and to ascertain and consider the public convenience and advantage of the proposed new area as well as that of the area from which the applicant was removing. This was particularly true, the court there held, where objections were interposed by other package liquor stores in the new area. The matter was there remanded to the Authority (p. 364) '' to investigate, consider and make findings in relation to the situations in both localities in ruling upon whether public convenience and advantage calls for the granting or denial of this removal petition.''

In *Matter of Swalbach* v. *State Liq. Auth.* (7 N Y 2d 518) the court annulled a determination of the Authority denying an application for removal of licensed premises, and remitted the matter to the Authority for further proceedings where the Authority had relied upon a general policy to exclude liquor stores from every shopping center. The court, per FULD, J., there said (p. 524): '' No one questions the Authority's discretionary power to refuse to permit removal of a store to a particular shopping center, if there is basis therefor in the record, on the ground that public convenience and advantage would not thereby be promoted. But this does not permit formulation of a general ' policy ' to cover every petition for transfer to any shopping center in the State.'' Moreover, the court there held (p. 526) that the Authority '' must deal with the situation case by case, appraising the facts as each application is submitted '' and could not avoid that duty '' by adopting an all-encompassing '' policy.

*Matter of Swalbach* dealt with a policy which had been promulgated in Bulletin No. 279 issued by the Authority in 1955. In February, 1963, Governor Rockefeller appointed a commission under the Moreland Act to undertake a study and reappraisal of the law with respect to the sale and distribution of alcoholic beverages in this State. That commission conducted extensive research and held hearings on various phases of the operation of the law; and issued a number of reports suggesting amendment of the law. Following these reports and studies, the Legislature, in 1964, enacted several amendments to the Alcoholic Beverage Control Law which became law, effective April 16, 1964.

One of the amendments (ch. 531, §§ 13, 14) repealed section 105 (subds. 4 and 4-a) which had restricted the Authority from granting retail package store liquor licenses within 1,500 feet of each other in cities of one million or more, and 700 feet elsewhere. After a consideration of the reports of the Moreland Commission and the newly enacted laws, the Authority on August 16, 1964 issued Bulletin No. 390 for the information of all concerned in the administration of the liquor laws. Subsequently, in September, 1964, the Authority promulgated rule 17 (9 NYCRR 42) of its rules, to effectuate the recommendations in Bulletin No. 390.

In Bulletin No. 390, and the later rule 17, the Authority stated that it had determined that public convenience and advantage would best be served by a four-phased plan for relocating presently licensed package stores and issuing additional package-store licenses; and stated that petitions for removal of package stores to other locations within the City of New York would be accepted on a continuing basis.

In essence, the Authority purports to sustain the grant of the removal application to City Stores upon the policy of unrestricted licensing enunciated in Bulletin No. 390, after the Legislature saw fit to remove all distance requirements in the consideration of locating package stores (L. 1964, ch. 531).

Primarily, it must be emphasized that the 1964 amendments reaffirmed the statutory standard of "public convenience and advantage" to be applied by the Authority in granting licenses or removals. The newly enacted section 14 specifically provides: "Nothing contained in section thirteen of this act shall be construed as impairing or affecting the power of the state liquor authority to determine, in accordance with other provisions of the alcoholic beverage control law, whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby."

In *Martin* v. *State Liq. Auth.* (43 Misc 2d 682, affd. 15 N Y 2d 707, upon the opn. at Special Term) it was urged that the removal of the 1,500 feet limitation between licensed premises on the same street, by the amendments of 1964, granted to the Authority an uncontrolled and unguided discretion to license premises without any standards to guide the Authority. The court rejected any such contention and held (p. 689) that "the standard of 'public convenience and advantage' as set forth in section 2 is the same now as before — unaffected by said repeal. As a matter of fact, it was reaffirmed by section 14 of chapter 531".

Essentially the question in the instant case is whether the Authority may comply with the legislative imperative that "public convenience and advantage" must guide the Authority in the granting of licenses or removal applications by a predetermined policy such as is enunciated in Bulletin No. 390 and rule 17. Since the standard is the same as that before the amendments of 1964, the teachings of *Matter of Williamson* v. *New York State Liq. Auth.* (14 N Y 2d 360, *supra*) and *Matter of Swalbach* v. *State Liq. Auth.* (7 N Y 2d 518, *supra*) cannot be ignored but must be given full effect. As indicated, those cases imposed a duty on the Authority to consider each application for a removal on its own facts and to investigate, consider and make findings as to whether public convenience and advantage require or permit the granting or denial of a removal application. Furthermore, under those decisions the Authority may not resort to a predetermined policy to satisfy the duty to inquire into the question of public convenience and advantage.

If judicial review of the action of the Authority is to be meaningful, there must be a record to demonstrate whether there is any reasonable basis for the action of the Authority. All the instant record demonstrates is an impermissible reliance upon a declaration of policy. Special Term therefore properly remanded the matter to the Authority to determine the application for removal on the particular facts of the case and to make findings, related to those facts, to support any conclusion as to public convenience and advantage.

In affirming, we do not, of course, express or intimate any opinion as to whether the removal sought here should be granted or refused by the Authority; or as to what would constitute substantial evidence to support a finding by the Authority that public convenience and advantage would or would not be served by the granting or denial of a removal application.

The order should therefore be affirmed, without costs or disbursements to either party.

RABIN, J. P., VALENTE, MCNALLY, STEUER and STALEY, JJ., concur.

Order, entered on November 4, 1964, unanimously affirmed, without costs and without disbursements to either party.