■ 113 Hillside Avenue Corporation, Appellant, v. Village of Westbury et al., Respondents.— Judgment of the Supreme Court, Nassau County, entered June 20, 1966, modified, on the law, by (1) striking out its first decretal paragraph, which granted defendants' motion to dismiss the complaint as to building permit No. 6578 and (2) substituting therefor a declaration that the issuance of said permit by the defendant Building Inspector of the defendant village was unauthorized and unlawful. As so modified, judgment affirmed insofar as appealed from, without costs. The trial court's findings of fact are affirmed. The Board of Trustees of the defendant village was without power to review the acts of the Building Inspector in granting the permits; that power is vested exclusively in the Board of Appeals of the village. The purported revocation was ineffective (Village Law, § 179-b; Westbury Zoning Ordinance, §§ 50–150, 50–154; see Matter of Kalen, 248 App. Div. 777). The remedy of direct administrative review of the action by the Board of Trustees was not available; hence plaintiff's suit was properly brought. Plaintiff sought a declaration that both permits issued to it were in full force and effect. However, the application for permit No. 6578 did not conform to the "front yard" requirements of the Zoning Ordinance of the village. The issuance of this permit by the Building Inspector was, therefore, unlawful, and the Special Term so decided. Dismissal of the complaint, however, was incorrect; defendants were entitled to a declaration that the permit was invalid (Lanza v. Wagner, 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74; Martin v. State Liq. Auth., 43 Misc 2d 682, 690, affd. 15 N Y 2d 707). Ughetta, Acting P. J. Christ, Rabin, Benjamin and Munder, JJ., concur.

■ The People of the State of New York, Appellant, v. Frank N. McCoy, Respondent.— Order of the County Court, Westchester County, dated November 18, 1965, reversed, on the law, and motion remitted to the court below for a hearing on all the issues raised in the record relating to the arrest and the search and seizure and for further proceedings not inconsistent herewith. On this motion by defendant to suppress, the opposing affidavit of an Assistant District Attorney indicated that a controversy existed between the facts presented by defendant and the facts in the possession of the People. In our opinion, the foregoing, coupled with requests that a hearing be held to determine the issues, was sufficient to mandate such a hearing (cf. United States v. Okawa, 26 F. R. D. 384; United States v. Warrington, 17 F. R. D. 25; People v. Weldon, 17 N Y 2d 814; People v. Cuppinger, 23 A D 2d 681). Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.