Richard A. SLISZ and Casimir Walas, Plaintiffs on behalf of themselves and other persons similarly situated in the County of Erie,

v.

WESTERN REGIONAL OFF-TRACK BETTING CORPORATION et al., Defendants.

No. Civil 1973-532.

United States District Court, W. D. New York.

Oct. 9, 1974.

Edward J. Desmond, Buffalo, N. Y., for plaintiffs.

Richard E. Moot, Buffalo, N. Y., for defendant Western Regional Off-Track Betting Corp., and the Individually Named Directors and Members of same.

Louis J. Lefkowitz, Atty. Gen. (Michael G. Wolfgang, Buffalo, N. Y., of counsel), for defendant New York State Racing and Wagering Board and its members, Emil Mosbacher, Jr., Joseph H. Boyd, Jr. and Eugene Keogh.

James L. Magavern, County Atty., Erie County (Justyn E. Miller, Buffalo, N. Y. of counsel), for defendant Erie County, New York.

Anthony Manguso, Corp. Counsel, City of Buffalo (Anthony Gregory, Buffalo, N. Y., of counsel), for defendant City of Buffalo, N. Y.

Samuel L. Tavano, County Atty., Niagara County, for defendant Niagara County, New York.

William J. Stevens, Legal Advisor & Attorney for County of Monroe, Rochester, N. Y.

John D. Doyle, Corp. Counsel, City of Rochester (James T. Townsend, Rochester, N. Y., of counsel), for defendant City of Rochester, N. Y.

Thomas C. Brady, Acting County Atty., County of Cattaraugus, Salamanca, N. Y., for defendant Cattaraugus County, New York.

Before TIMBERS, Circuit Judge, CURTIN, Chief District Judge, and BURKE, District Judge.

CURTIN, Chief District Judge:

Pursuant to this court's order of April 24, 1974, a three judge court was convened to determine the constitutionality of the New York statutes under which the Western Regional Off-Track Betting Corporation [WROTBC] was created and operates. N.Y. Unconsolidated Laws § 8111 et seq. (McKinney Supp. 1973). On June 20, 1974 oral argument was heard on plaintiffs' claim that these statutes deny plaintiffs the equal protection of the laws because the WROTBC is not apportioned on a one man-one vote basis. Plaintiffs also attacked, under the due process clause, §§ 8114 and 8115 of the Unconsolidated Laws, which grant the WROTBC certain penal powers.

Defendants' motion to dismiss the equal protection portion of the complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), relies on whether the WROTBC is subject to the one man, one vote requirement. We hold that it is not.

The Regional Off-Track Betting Corporations were set up for the lawful exercise of "off-track pari-mutuel betting on horse races, conducted under the administration of the state racing and wagering board." N.Y. Unconsolidated Laws § 8062 (McKinney Supp.1973). The purpose of these corporations as stated in the enabling statute is "to derive from such betting, as authorized by this article, a reasonable revenue for the support of government, and to prevent and curb unlawful bookmaking and illegal wagering on horse races." *Id.* The Legislature further intended that off-track betting would further the "well being of the horse racing and breeding industries in this state" so that these industries "should continue to be major sources of revenue to state and local government and sources of employment for thousands of state residents." *Id.*

The Board is appointed, not elected. N.Y. Unconsolidated Laws § 8113, subd. 1 (McKinney Supp.1973).[1] Plaintiffs argue that the Board is quasi-elective, since elected officials appoint members, and that the equal protection deprivation occurs by means of the combined smaller participating counties having a majority of votes on the Board. However, "[the] applicability of the one man-one vote principle does not neces-

---

1. § 8113 provides in part:

   Each [regional off-track betting] corporation shall be administered by a board of directors consisting of two members from each participating county containing a city of over one hundred fifty thousand in population, according to the last federal census, and one member from each other participating county. The members shall be appointed by the county governing body; provided, however, that the mayor of a city of over one hundred fifty thousand that has elected to participate . . . shall, with the approval of the city's legislative body, appoint one of the members to which the county containing such city is entitled . . .. Each director shall serve at the pleasure of the governing body or mayor appointing him . . ..

sarily follow from a determination that a particular body is constituted through an elective, rather than an appointive process." Education/Instruccion, Inc. et al. v. Thomas Moore et al., Civ. 15,085 (D.Conn. June 13, 1973), aff'd, 73–2507 (2d Cir. C.A., 1974), citing Salyer Land Co. v. Tulare Water District, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973), and Associated Enterprises, Inc. v. Toltec District, 410 U.S. 743, 93 S.Ct. 1237, 35 L.Ed.2d 675 (1973). The critical question is whether the Board exercises general governmental powers or performs governmental functions, within the meaning of Hadley v. Junior College District, 397 U.S. 50, 90 S.Ct. 791, 25 L. Ed.2d 45 (1970), and Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968). In *Avery, supra,* it was held that selection of the Midland County [Texas] Commissioners Court from single-member districts of substantially unequal population violated the Fourteenth Amendment. The Supreme Court noted that the Commissioners Court

> is the general governing body of the county. It establishes a courthouse and jail, appoints numerous minor officials such as the county health officer, fills vacancies in the county offices, lets contracts in the name of the county, builds roads and bridges, administers the county's public welfare services, performs numerous duties in regard to elections, sets the county tax rate, issues bonds, adopts the county

budget, and serves as a board of equalization for tax assessments.

390 U.S. at 476, 88 S.Ct. at 1116.

The scheme challenged in *Hadley, supra,* was a Missouri statutory apportionment plan, under which 50 percent of the trustees of a consolidated junior college district were elected from a subdistrict containing approximately 60 percent of the district's total school-age population. The Court emphasized that "[e]ducation has traditionally been a vital governmental function, and these trustees, whose election the State has opened to all qualified voters, are governmental officials in every relevant sense of that term." 397 U.S. at 56, 90 S.Ct. at 795.

■ The regional off-track betting corporations are designated as "public benefit corporations." N.Y. Unconsolidated Laws § 8113, subd. 1 (McKinney Supp.1973). "A 'public benefit corporation' is . . . organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof." N.Y.Gen.Corp.Law § 3 (McKinney's Consol.Laws, c. 23, 1943). Participation in the corporation is voluntary. N.Y. Unconsolidated Laws §§ 8113, subds. 1, 1–a (McKinney Supp.1973). The jurisdiction of WROTBC is subject to the general jurisdiction and supervision of the New York State Racing and Wagering Board. N.Y. Unconsolidated Laws § 8114 (McKinney Supp.1973).[2]

2. § 8114 enumerates each Regional Board's powers:
   1. To sue and be sued;
   2. To have a seal . . .;
   3. To acquire, hold, lease, rent and dispose of personal property for its corporate purposes;
   4. To acquire, in the name of the corporation, by purchase, condemnation . . . or otherwise, and to use, real property which is necessary or convenient for carrying out its corporate purposes; provided that the corporation shall not con-

demn any real property without first having obtained the consent of the chief elected official in the jurisdiction in which such real property is located [and] . . . in the manner provided by law for the condemnation of real property in [that] jurisdiction . . .;
   5. To make by-laws for the management and regulation of its affairs;
   6. To appoint officers, agents, and employees, to prescribe their qualifications and to fix their compensation;

This statutory scheme does not support a finding that the WROTBC is exercising general governmental powers over a geographical area. Instead, Sections 8113 et seq. indicate that the structure of the regional off-track betting corporations is limited in its jurisdiction as well as in the exercise of its authority, which must be within corporate purposes. WROTBC does not possess general taxing powers. Most importantly, participation in the regional boards is voluntary. The court holds that the regional off-track betting corporations present a scheme in which there are "certain functionaries whose duties are so far removed from normal governmental activities" that compliance with one man-one vote requirements is not constitutionally required. *Hadley, supra* at 56, 90 S.Ct. at 795.

■ Turning briefly to plaintiffs' due process claim concerning the penal powers accorded WROTBC, we find that these are without merit. "There is . . . no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature." Martin v. State Liquor Authority, 43 Misc.2d 682, 686, 252 N.Y.S.2d 365 (Supreme Court, Albany County, 1964), aff'd, 15 N.Y.2d 707, 256 N.Y.S.2d 336,

204 N.E.2d 496 (1965). Sections 8114 and 8115 set out limitations and safeguards to comport with this standard. Rules and regulations may only be promulgated to carry out the corporate purposes. Police powers of the Board are severely limited in territorial scope. Maximum punishments are set out in the statute. "[A] law may be valid in its delegation . . . but invalid as a criminal statute, because it does not clearly enough define the nature or quality of the offense." United States v. Guterma, 189 F.Supp. 265, 274 (S.D.N.Y.1960). Since there are no such specific rules under attack at present, our discussion can only allude to the statutory safeguards. Notice is provided for in § 8114, subd. 11(b): "No rule or regulation promulgated by a corporation pursuant to the provisions of this subdivision . . . shall be effective until a copy thereof is filed with the clerk of each participating county." As previously noted, the regional board has a severely limited scope of police power authority and the maximum criminal penalties have already been set by the Legislature. There is nothing inherent in such a delegation to offend the due process clause.

In accordance with this opinion, defendants' motion to dismiss is granted.

So ordered.

---

7. To make contracts and leases, and to execute all instruments necessary or convenient to accomplish its corporate purposes;

8. To construct such buildings, structures and facilities as may be necessary;

9. To accept grants, loans and contributions from the United States and the state or any agency or instrumentality . . . or any participating county, or a city, or any person . . . , and to use the same or expend the proceeds thereof for its corporate purposes;

10. [T]o establish and conduct within the region a system of off-track pari-mutuel betting on horse races [subject to rules and regulations of state board];

11. (a) To promulgate, amend and repeal such rules and regulations consistent with the provisions of this act as it may deem necessary or desirable to carry out the purposes of this article. Such rules and regulations shall have the force and effect of law;

(b) [mechanics of how corporate promulgated rule shall take effect].

(c) [certain penalties established for violation of rules and regulations].

12. To perform such other acts and engage in such other activities as may be necessary and proper for exercising its powers and performing its duties under this article.