Meyer, J.
(dissenting). It is not entirely clear from the Appellate Division’s memorandum whether it decided in favor of plaintiff on the law or on the facts, but since its decision is erroneous in either event and should be reversed, I respectfully dissent.
What plaintiff’s complaint requested was judgment “declaring that § 6.16 of the ‘State Sanitary Code’ does not require an indoor pool to be fenced” and, if a contrary declaration was made, a declaration that, since defendants had approved the plans submitted by plaintiff despite the fact that they did not provide for a fence, it would be unconstitutional to apply the fencing requirement to plaintiff’s pool. Justice George L. Cobb, considering section 6.1 of the Sanitary Code together with section 6.16, concluded that the latter section did apply to an indoor pool and that neither constitutional impediment nor estoppel barred defendants’ enforcement of the provision. He, therefore, entered judgment declaring section 6.16 “valid, constitutional and fully applicable to plaintiff’s inn.”
The Appellate Division reversed in a memorandum which after quoting the first sentence of section 6.16 (“Artificial swimming pools shall be protected by a fence, wall, building, enclosure or solid wall of durable material”) stated that “A fair reading of this section compels us to conclude that it does not require the instant pool to be fenced. The pool is protected by the building wherein it is located which, in our view, is a compliance with the language of the statute.” It directed judgment declaring that “section 6.16 of the State Sanitary Code does not require that plaintiff’s indoor pool be protected by a fence.”
The reference in the memorandum to “the instant pool” and the direction for judgment declaring that “plaintiff’s indoor pool” need not be protected suggest that the Appellate Division decided the matter on the facts rather than the law. While it was not foreclosed by the demand for judgment in the complaint (Cahill v Regan, 5 NY2d 292, 298; Martin v State Liq. Auth., 43 Misc 2d 682,690 [Cooke, *722 J.], affcl on opn below 15 NY2d 707), its decision must be reversed because erroneous whether made on the law or the facts.
It is erroneous on the law because the Appellate Division ignored subdivision b of section 6.1 of the code. That subdivision defines “artificial swimming pool” to mean “a structure intended for bathing or swimming purposes * * * located either indoors or outdoors”. Inasmuch as the second sentence of section 6.16 shows the major purpose of the fencing requirement to be the protection of small children, and subsection b of section 6.1 makes clear that an artificial swimming pool can be located either indoors or outdoors, the section cannot be interpreted to exclude every pool that is located indoors. The Appellate Division’s interpretation might be correct if one considered only the first sentence of section 6.16, but is clearly incorrect when sections 6.1 and 6.16 are considered together.
It is, of course, possible that the building which encloses a pool so protects it as to achieve the purpose of the code section and obviate the necessity for a separate fence enclosure. That, however, could be determined only as a matter of fact. The affidavits submitted by the commissioner establish that the swimming pool in question is in a large center court of the hotel, that the courtyard is the main corridor between the lobby and most of the rooms in the hotel, that the pool is easily accessible to anyone entering the courtyard and that “there is no railing, fence or other barrier surrounding the pool so that anyone using the courtyard could accidentally wander into the pool area.” Plaintiff’s responsive affidavit contains the conclusory statement that “No children, save those accompanied by adults, come in contact with plaintiff’s pool.” The only relevant factual statement is that “The plaintiff’s pool is small in size and is not designed to attract swimmers, but rather to provide eye-appeal as a part of the total aesthetics.”
As we made clear in Zuckerman v City of New York (49 NY2d 557, 560): “[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of *723 the action”. The commissioner’s papers establish that plaintiff’s indoor pool presents a hazard such as the code section was designed to obviate and plaintiff’s responsive papers are wholly insufficient to demonstrate a triable issue, the size of the pool alone being insufficient to take the pool beyond the reach of the section. The commissioner was, therefore, entitled to summary judgment declaring section 6.16 applicable to the pool in plaintiff’s inn.
For the foregoing reasons, I would reverse the order of the Appellate Division and reinstate the judgment of the Supreme Court.
Order affirmed, etc.