UNITED STATES v. 651 CASES, MORE OR LESS, OF CHOCOLATE CHIL-ZERT.

Civ. No. 4537.

United States District Court
N. D. New York.

Argued May 11, 1953.

Decided June 10, 1953.

leged that the food product known as "Chil-Zert" is misbranded in that it is an imitation of another food to-wit, chocolate flavored ice cream and fails to bear the word "imitation" followed by the name of the food imitated as required by the provisions of 21 U.S.C.A. § 343(c) and that it was further misbranded in that its label fails to bear the name of each ingredient as required by the provisions of 21 U.S.C.A. § 343(i)(2). The case was removed to this district under the provisions of 21 U.S.C.A. § 334(a).

Claimant has moved to dismiss the libel insofar as the misbranding charged under Section 343(c) is concerned, for failure to state a claim upon which relief can be granted, and for a summary judgment dismissing said charge. Federal Rules of Civil Procedure, 12(b) and 56, 28 U.S.C.A. The government has made a cross-motion for a summary judgment condemning the food in question; the motion being addressed to the same allegation of misbranding as is affected by claimant's motion.

The moving papers here consist of the libel, an affidavit with exhibits attached executed by the president of the claimant, libellant's requests for admissions, and the claimant's reply thereto. The motion is then to be treated as one for summary judgment. F.R.C.P. 12(b).

The problem here involves the construction and application of that part of the section of the Federal Food, Drug and Cosmetic Act quoted below:

> Sec. 403. "A food shall be deemed to be misbranded—
>
> \* \* \* \* \* \*
>
> "(c) If it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word 'imitation' and, immediately thereafter, the name of the food imitated." 21 U.S.C.A. § 343(c).

Imitation is initially a question of fact, but both parties agree that there are no material facts in dispute, and the question becomes one of law.

Chil-Zert is a food product manufactured at Buffalo, New York, and the cases seized were shipped in interstate commerce to

Edmund Port, Syracuse, N. Y., U. S. Atty., for the United States.

Hancock, Dorr, Ryan and Shove, Syracuse, N. Y., for claimant. Edward B. Williams, Washington, D. C., and Morris Berman, Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

On September 30, 1952, about 650 cases of Rich's Chocolate Chil-Zert was seized at New Orleans, Louisiana, under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334. The libel al-

432

New Orleans, Louisiana, in the latter half of the year 1952. It is a comparatively new product, having been offered for sale in only two cities. It contains the usual ingredients of chocolate-flavored ice cream in approximately the same proportions, except that soy fat and soy protein are used therein in place of milk fat and milk protein. The product is similar in taste and appearance to chocolate ice cream. It has the same characteristics such as color, taste, texture, body and melting qualities. It is manufactured substantially in the same manner as chocolate flavored ice cream, and with the use of similar machinery. It is appropriate for use for the same purposes for which ice cream is used and is packaged and offered for sale in containers or cartons of the same size, shape and description as those used in the packaging and selling of ice cream. The retail price of pint packages of chocolate Chil-Zert is substantially lower than the average retail price of a pint of ice cream, as shown by Labor Department statistics for 1951, cited by the claimant.

The food sought to be condemned is packaged in pint carton containers with the words "Rich's Chocolate Chil-Zert" prominently printed on the four sides of the container and on the top and bottom thereof. Immediately below the words quoted above and in prominent letters the words "not an ice cream" appear, and on two sides of the carton there also appears the words "contains no milk or milk fat!". The ingredients are printed on two sides of the carton, and the product is referred to as "The Delicious New Frozen Dessert!". Advertising copy is attached to the moving papers which need not be described in detail. It is sufficient to say that there is no claim made here as to deceptive or misleading statements as to the advertising of the product.

The government contends that Chocolate Chil-Zert is an imitation of another food; to-wit, chocolate ice cream, and is, therefore, misbranded, since the word "imitation" followed by the name of the food imitated does not appear upon the container in which the food is packed, shipped and offered for sale. The claimant contends that Chocolate Chil-Zert is a new distinctive product composed of natural rather than artificial ingredients; that, as labeled, no element of deception is involved, and it is, therefore, not an imitation within the meaning of the statute. Claimant further contends that, since no legal standard has been promulgated for chocolate ice cream, the test of imitation may not be applied.

Congress has not defined the word "imitation" as it is used in the present section of the law set forth above. Judicial precedent does not confine its meaning within a rigid mould. Ordinary understanding of the term appears to be the test of its meaning.

"Imitation foods are dealt with in § 403(c) of the Act. In that section Congress did not give an esoteric meaning to 'imitation.' It left it to the understanding of ordinary English speech." 62 Cases of Jam v. United States, 340 U.S. 593 at page 599, 71 S. Ct. 515 at page 519, 95 L.Ed. 566.

It is plain that no all-inclusive test of imitation can be prescribed. Resemblance and taste are elements as indicated in the case last above quoted 340 U. S. at page 599, 71 S.Ct. 515. Smell is included as one of the elements. U. S. v. 10 Cases, more or less, Bred Spred, 8 Cir., 49 F.2d 87. The word connotes inferiority, 62 Cases of Jam v. United States, supra, 340 U.S. at page 600, 71 S.Ct. 515, in the sense that it is cheapened by the substitution of ingredients. Resemblance alone is not enough to constitute imitation. Baltimore Butterine Co. v. Talmadge, D.C., 32 F.2d 904, affirmed, 5 Cir., 37 F.2d 1014. It would seem that imitation is tested not by the presence or absence of any one element of similarity, but rather by the effect of a composite of all such elements. As indicated above, Chil-Zert is identical with ice cream in its method of manufacture, packaging and sale. It is similar in taste, appearance, color, texture, body and melting qualities. It has identical uses; its composition differs only from ice cream in the substitution of a cheaper ingredient; namely, vegetable oil in place of milk products. It is, therefore, something less than the genuine article chocolate ice cream. It is

inescapable that the ordinary understanding of English speech would denominate it as an imitation of ice cream.

The claimant's contentions have not been overlooked and will be briefly discussed. The following quotation taken from claimant's brief appears to the Court to be the sum total of claimant's contention. "We predicate our case, however, in the last analysis, upon the principle that the manufacturer of Chil-Zert has a right to market the product, *if he does so honestly,* regardless of whether it has greater or less merit than an existing product such as ice cream." (Emphasis added.)

■■ Claimant does not purport to pass off its product as ice cream. The labeling of the product in language negates any such contention. It may be debatable whether or not the words "not an ice cream" will act as a warning or as a snare for the unwary purchaser. In any event, it is not for the claimant to choose the means or method to advise the public that his product is not in fact the one which is imitated. The statute in explicit terms makes a provision therefor. It may be that the requirement of the statute would be less effective than the means adopted by the claimant. Such an argument is one for Congress and not for the Court. Truthful labeling does not exempt Chil-Zert from the requirement of the statute. Federal Security Administrator v. Quaker Oats Co., 318 U.S. 218, 63 S.Ct. 589, 87 L.Ed. 724; U. S. v. 716 Cases Del Comida Brand Tomatoes, 10 Cir., 179 F.2d 174; U. S. v. 30 Cases Leader Brand Strawberry Fruit Spread, D.C., 93 F.Supp. 764. Neither is deception nor intent to mislead necessary to establish that claimant's product is an imitation. Research Laboratories v. U. S., 9 Cir., 167 F.2d 410; certiorari denied 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393; U. S. v. 30 Cases Leader Brand Strawberry Fruit Spread, supra, 93 F.Supp. at page 769. The Court is impressed that claimant's argument proceeds as if the distinctive name provision of the 1906 Act is still in force, and claimant seeks to use the fanciful name of Chil-Zert with informative labeling to escape the provisions of the present statute. (The distinctive name provision was eliminated in the 1938 Act.)

■ Claimant's contention to the effect that chocolate ice cream is not imitated by Chil-Zert because no legal standard has been promulgated therefor will be briefly referred to. In other words, it is contended that a food may not be imitated until it is defined. A short answer to such an argument is that the statute does not refer to an imitation only of foods for which a standard has been set. If Congress had intended to so limit the law, it is reasonable to conclude that it would have so stated. The statutory provisions as to adulterations apply to non-standardized food. U. S. v. 36 Drums of Pop'n Oil, 5 Cir., 164 F.2d 250 at page 252; Bruce's Juices v. U. S., 5 Cir., 194 F.2d 935. The same reasoning would seem to apply to the misbranding provisions of the law.

■ Research fails to disclose that the section of the statute invoked here has, been extensively used. In fact, no case has been cited by either counsel in which Section 343(c) of Title 21 U.S.C.A. has been invoked under circumstances comparable to those which exist here. The Court has tried to keep in mind the beneficial purposes of the statute and at the same time not to unduly restrict the marketing of the many variations of well known food products. It is difficult to conceive that the statute invoked has any purpose unless it is applicable here. It is concluded that the claimant's motions are denied, and the libellant's motion for a summary judgment is granted. In view of the decision, the procedural difficulties discussed in the briefs as to the applicability of the summary judgment rule need no discussion.

It is ordered accordingly.