Ellis J. Staley, Jr., J.
This is a motion for an order restraining the defendants pending the determination of the issues in this action from: 1. Requiring plaintiffs to comply in any manner with any part of section 9 of chapter 531 of the Laws of 1964. 2. Requiring those plaintiffs who sell their brands of liquor to wholesalers located in other States as well as to wholesalers in the State of New York to file a schedule of prices at which such liquor is sold to wholesalers in States other than New York ‘ ‘ irrespective of the place of sale or delivery ’ ’ as required by section 7 of chapter 531 of the Laws of 1964. 3. Requiring plaintiffs to include in their schedule of prices filed pursuant to section 101-b of the Alcoholic Beverage Control Law the “ net bottle and case price paid by the seller ’ ’ as required by section 7 of chapter 531 of the Laws of 1964.
A cross motion is made by the defendants for an order dismissing the complaint herein or, in the alternative, for judgment declaring section 9 of chapter 531 of the Laws of 1964 and section 7 of chapter 531 of the Laws of 1964 (Alcoholic Beverage Control Law, § 101-b, subd. 3, par. [a]) to be in all respects constitutional and valid. Section 7 and section 9, as herein referred to, in each instance shall mean section 7 and section 9 of chapter 531 of the Laws of 1964.
Section 9 added new paragraphs (d), (e), (f), (g), (h), (i), (j) and (k) to subdivision 3 of section 101-b of the Alcoholic Beverage Control Law. Section 7 enacted certain amendments to subdivisions 2, 3 and 4 of section 101-ib and added new subdivision 6 to said section.
The provisions of section 7 require monthly schedules of brand owners’, distillers’ or manufacturers’ bottle and case prices and discounts to wholesalers, as well as the net bottle and case price paid by the seller and of wholesalers’ prices and discounts to retailers. The sale of liquor or wine to or by a wholesaler or retailer is prohibited unless the required schedules are filed and, in the case of a wholesaler, such prohibition applies *959 irrespective of the place of sale or delivery. Schedules are not required to be filed for an item under a brand owned exclusively by one retailer and sold at retail within the State exclusively by such retailer.
Discrimination in price or discounts and the granting of discounts other than as provided in the section is declared to be unlawful. Penalties are also provided for making any sale or purchase in violation of the provisions of the section or for making a false statement in any schedule or for failing or refusing to comply with the provisions of the section.
In essence section 9 requires that, in addition to the schedules required by section 7, there must be filed an affirmation by the brand owner, or by the wholesaler designated as agent for the purpose of filing the schedule if the owner of the brand is not licensed by the Liquor Authority, that the bottle and case price of liquor to wholesalers set forth in the schedule is no higher than the lowest price at which such item was sold by such brand owner or such wholesaler or any related person to any wholesaler anywhere in any other State of the United States or in the District of Columbia or to any State which owns and operates retail liquor stores in the month immediately preceding the month in which the schedule is filed. A similar affirmation is required concerning sale to retailers. In the event an affirmation is not filed with respect to an item of liquor the schedule for which the affirmation is required is deemed invalid and such item may not be sold to or purchased by a wholesaler during the period covered by the schedule. Provision is made for determining the lowest price for which any item was sold elsewhere and the making of a false statement in an affirmation is declared to be a misdemeanor.
The intent of the Legislature in making these amendments is set forth in section 8 which provides as follows: “ In enacting section eleven of this act, it is the firm intention of the legislature (a) that fundamental principles of price competition should prevail in the manufacture, sale and distribution of liquor in this state, (b) that consumers of alcoholic beverages in this state should not be discriminated against or disadvantaged by paying unjustifiably higher prices for brands óf liquor than are paid by consumers in other states, and that price discrimination and favoritism are contrary to the best interests and welfare of the people of this state, and (c) that enactment of section eleven of this act will provide a basis for eliminating such discrimination against and disadvantage of consumers in this state. In order to forestall possible monopolistic and anticompetitive practices designed to frustrate the elimination of such dis *960 crimination and disadvantage, it is hereby further declared that the sale of liquor should be subjected to certain further restrictions, prohibitions and regulations, and the necessity for the enactment of the provisions of section nine of this act is, therefore, declared as a matter of legislative determination.”
The first two causes of action of the complaint seek a declaratory judgment determining (1) that section 9 is unconstitutional and void in that it deprives the plaintiffs named in the first cause of action of liberty and property without due process of law; it is an arbitrary, capricious and unreasonable exercise of the State’s police power; is inconsistent with the declared policy of the Alcoholic Beverage Control Law as expressed in section 2 and subdivision 1 of section 101-b of that law; it will not serve to cure the possibility of monopolistic and anticompetitive practices ; it contravenes the terms and policy of the Sherman AntiTrust Act (IT. S. Code, tit. 15, §§ 1-7); it is in direct conflict with the Robinson-Patman Antidiscrimination Act (IT. S. Code, tit. 15, §§ 13a, 13b and 21a); it violates the Constitution of the United States by interfering with commerce among the States; it violates the Constitution of the State of New York and the Constitution of the United States in that it is discriminatory; (2) that section 7 (Alcoholic Beverage Control Law, § 101-b, subd. 3, par. [a]) is unconstitutional and void in that it violates the Constitution of the United States by interfering with commerce among the States and with foreign commerce and deprives the plaintiffs of property without due process of law; (3) that section 9 (Alcoholic Beverage Control Law, § 101-b, subd. 3, par. [f]) violates the «Constitution of the State of New York and the Constitution of the United States in that it deprives the plaintiff named in the second cause of action of liberty and property without due process of law; it is an arbitrary, capricious and unreasonable exercise of the State’s police power; it is likely to cause unwitting violations of the laws of New York and of other States and of the Federal antitrust laws; it is vague and indefinite.
The third and fourth causes of action of the complaint seek an injunction enjoining and restraining the defendants and their successors from imposing any sanctions or penalties for failure to submit the affirmations and verifications required by section 9 and for failure to file the prices and schedules required to be filed «by section 7 on the ground that said sections are unconstitutional and void.
The cross motion by the defendants for judgment declaring section 9 and section 7 (Alcoholic Beverage Control Law, *961 § 101-b, .subd. 3, par. [a]) to be, in all respects, constitutional and valid is, in effect, a motion for summary judgment.
In weighing a challenge of unconstitutionality of a statute the courts observe the legal principles; that a legislative enactment carries with it an exceedingly strong presumption of constitutionality; that every intendment is in favor of the statute’s validity; that the heavy burden of demonstrating unconstitutionality beyond a reasonble doubt rests upon the one who attacks a statute as unconstitutional and that only as a last unavoidable result do courts strike down a legislative enactment as unconstitutional. (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263; Wiggins v. Town of Somers, 4 N Y 2d 215; Lincoln Bldg. Assoc, v. Barr, 1 N Y 2d 413; New York State Thruway Auth. v. Ashley Motor Court, 12 A D 2d 223, affd. 10 N Y 2d 151; Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, app. dsmd. 368 U. S. 12; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, affd. 344 U. S. 367; Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707.)
The judgment of the courts will not be substituted for that of the Legislature to determine whether the legislation will accomplish the desired end or can be effectively administered.
Courts no longer employ the due process clause of the Constitution to invalidate 'State laws regulatory of business and industrial conditions merely because such laws are deemed unwise or improvident. (Williamson v. Lee Optical Co., 348 U. S. 483; Turner Nurses Agency v. State of New York, 17 Misc 2d 273.)
Nor will the court sit as a superlegislature to weigh the wisdom of each enactment brought before it, or decide whether policy which it expresses offends the welfare of a particular group. (Day-Brite Light v. Missouri, 342 U. S. 421; Turner Nurses Agency v. State of New York, supra.)
Nor are legislative enactments rendered invalid as a denial of due process or equal protection under the law because they impose financial hardship, result in reduced income or make it impossible for some to continue in a particular business. (California Auto. Assn. v. Maloney, 341 U. S. 105; Breard v. Alexandria, 341 U. S. 622; Day-Brite Light v. Missouri, supra; Turner Nurses Agency v. State of New York, supra.)
The Legislature is also presumed to have investigated the subject matter of the statute and found facts to support the legislation. (Martin v. State Liq. Auth., supra.) In this instance the Legislature, in addition, had before it, when it enacted *962 chapter 531 of the Laws of 1964, the Study Papers and Reports of the Moreland Commission. Being an enactment under the police power of the State, the strongest presumption of validity attaches to chapter 531 of the Laws of 1964 and the fact that it causes or might cause an economic hardship to those whom it affects is no argument against its constitutional validity, if it is an otherwise valid exercise of the State’s police power. (Lyons & Co. v. Corsi, 3 N Y 2d 60.)
Plaintiffs ’ attack on chapter 531 on the basis that it deprives them of liberty and property without due process of law in violation of the Constitutions of the 'State New York and of the United States is contained in paragraphs 53, 90 and 91 of their complaint. In essence these paragraphs allege economic hardships, possible reduced profit margins, expenditures for new equipment, possible difficulty in increasing prices and difficulty in competing in other States. These allegations, even if proven, have no bearing on the constitutionality of the statute. (California Auto. Assn. v. Maloney, supra; Breard v. Alexandria, supra; Day-Brite Light v. Missouri, supra; Turner Nurses Agency v. State of New York, supra.)
Paragraphs 54, 90 and 94 of the plaintiffs’ complaint allege that section 9 is an arbitrary, capricious and unreasonable exercise of the State’s police power in that the term related person as defined in section 9 is vague; plaintiffs have no power to compel related persons to furnish them with information; price differentials are limited to State gallonage taxes or fees; it is impossible for plaintiffs to determine in any given month the prices at which brands sold by them in New York are sold to wholesalers and/or retailers throughout the United States and the District of Columbia; it is impossible for plaintiffs to determine what is meant by inducements of any kind whatsoever.
The choice of measures is for the Legislature who are presumed to have investigated the subject and to have acted with reason not from caprice. ‘ * Legislation passed in the exercise of the police power must be reasonable in the sense that it must be based on reason as distinct from being wholly arbitrary or capricious, but when the legislature has power to legislate on a subject, the courts may only look into its enactment far enough to see whether it is in any view adapted to the end intended. If it is, the court must give it effect, however unwise they may regard it, or however much they might, if given the choice, prefer some other measure as more fit and appropriate.” (People v. Griswold, 213 N. Y. 92, 97.)
*963 The provisions of chapter 531 requiring filing price schedules and affirmations are not, in and of themselves, either arbitrary or unreasonable. Such filings are certainly appropriate to the purpose intended of preventing consumers in New York State from being discriminated against or disadvantaged by paying unjustifiably higher prices for brands of liquor than are paid by consumers in other States. The fact that the plaintiffs might find it difficult to obtain the required information or are limited by the act in the price differentials allowed, does not make the act arbitrary, capricious and unreasonable.
Plaintiffs’ allegations concerning the vagueness of the terms “ related person ” and “ inducements of any kind whatever ” are equally without merit. Section 7 (Alcoholic Beverage Control Law, § 101-b, subd. 4) provides that ‘ ‘ The liquor authority may make such rules as shall be appropriate to carry out the purpose of this section.” The .section referred to is section 101-b of the Alcoholic Beverage Control Law.
The Legislature may and in many cases has enacted statutes in broad outline, leaving to administrative officials enforcing them the duty of arranging the details. (Matter of People [National Sur. Co.], 239 App. Div. 490, affd. 264 N. Y. 473; Matter of People [Int. Workers Order], 199 Misc. 941, affd. 280 App. Div. 517, affd. 305 N. Y. 258; Martin v. State Liq. Auth., supra.) The Legislature often delegates to an executive officer the power to determine facts and conditions upon which the operation of a statute depends. This delegation of power relates to the execution of the law rather than to the making of the law. There is no valid objection to such a delegation of power. (Tropp v. Knickerbocker Vil., 205 Misc. 200, affd. 284 App. Div. 935; Martin v. State Liq. Auth., supra.)
Plaintiffs’ contentions that section 9 is inconsistent with the declared policy of the Alcoholic Beverage Control Law to promote temperance and that section 9 will not serve to cure the possibility of monopolistic and anticompetitive practices at which it is directed are equally insufficient to prove invalidity of the statute.
Paragraphs 57, 58 and 59 of the plaintiffs’ complaint consist of allegations that section 9 contravenes the terms and policy of the Sherman Anti-Trust Act (TJ. S. Code, tit. 15, §§ 1-7) and is in direct conflict with the Robinson-Patman Antidiscrimination Act (TJ. S. Code, tit. 15, §§ 13a, 13b and 21a) and, therefore, must yield to the supremacy of such laws as required by section 2 of article VI of the Constitution of the United States. *964 Paragraph 60 of the plaintiffs’ complaint consists of an allegation that section 9 violates the Constitution of the United States by interfering with commerce among the States.
There is no doubt that under the 'Twenty-first Amendment of the Constitution of the United States that the State of New York may not only regulate, but may completely prohibit the importation of some or all intoxicants destined for use or consumption within its .borders and may also restrict, prevent, regulate and control by taxation or otherwise, the distribution, use or consumption of intoxicants within the State. (California v. Washington, 358 U. S. 64; Department of Revenue v. Beam Distilling Co., 377 U. S. 341; Hostetler v. Idlewild Lig. Corp., 377 U. S. 324.)
The Alcoholic Beverage Control Law of the State of New York concerns itself solely with the regulation and control of the manufacture, sale and distribution within the State of New York of alcoholic .beverages. (Alcoholic Beverage Control Law, § 2.) Any effect which it has on interstate commerce is entirely coincidental. The regulation and control of the sale and distribution of alcoholic beverages is a matter of local concern and the mere fact that such regulations have or may have some repercussions upon the activities of a business which operates Nationwide does not invalidate the State action, particularly where the subject of the action is within the police power of the State. (Osborn v. Ozlin, 310 U. S. 53; Southern Pacific Co. v. Arizona, 325 U. S. 761; Watson v. Employers Liab. Corp., 348 U. S. 66.)
On the other hand the commerce clause of the United States ■Constitution, the Sherman Act and the Bobinson-Patman Act are all concerned with interstate commerce as distinguished from intrastate commerce. Since the purpose of the Alcoholic Beverage Control Law is to regulate and control the intrastate sale and distribution of alcoholic beverages, it does not come within the realm of the commerce clause of the United States Constitution nor of the Sherman Act or of the Bobinson-Patman Act.
Paragraph 61 of the plaintiffs’ complaint consists of an allegation that section 9 violates the Constitution of the State of New York by discriminatingly imposing maximum price limitations upon sales made by persons dealing in liquor sold under “ private labels” and sales made by vintners and wholesalers of wine.
“ The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.” (Tigner v. Texas, 310 U. S. 141,147.) The fact that *965 the Legislature omitted certain ones who might have been included in the statute, does not render it unconstitutional. (New York R. T. Corp. v. City of New York, 275 N. Y. 258, affd. 303 U. S. 573; People v. Schweinler Press, 214 N. Y. 395, app. dsmd. 242 U. S. 618; National Psychological Assn. v. University of State of N. Y., 8 N Y 2d 197.)
“ So long as there is some real difference in the situation, interests and capacity of different classes of citizens, this may be made the basis of legislative classification which has a real and reasonable relationship to the difference which thus exists.” (People v. Klinck Packing Co., 214 N. Y. 121, 137.)
The Legislature is also presumed to have investigated the subject matter of the legislation and based upon said investigation determined that a different classification should exist for brand owners, private brands and vintners.
Paragraph 63 of the plaintiffs’ complaint consists of an allegation that section 7 (Alcoholic Beverage Control Law, § 101-b, subd. 3, par. [a]) violates the Constitution of the United States by requiring schedules for .sales 1 ‘ irrespective of the place of sale or delivery” thereby interfering with commerce among the States and with foreign commerce and that the requirement of ,such schedules to contain the ‘ ‘ net bottle and case price paid by the seller” deprives plaintiffs of property without due process of law and is an arbitrary, capricious and unreasonable exercise of the State’s police power.
The fallacy of this allegation is in the fact that the plaintiffs fail to take into consideration the purpose of section 7 as is set forth in subdivision 1 of section 101-b thereof and also fail to take into consideration the saving clause or provision in paragraph (a) of subdivision 3 of section 101-b.
Subdivision 1 provides: “It is the declared policy of the state that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages ”. This language sets forth words of limitation and limits the applicability of the law to regulation and control within the State.
Paragraph (a) of subdivision 3 which contains the words ‘1 irrespective of the place of sale and delivery ’ ’ also contains a savings clause which provides as follows: “Such brand of liquor or wine .shall not be sold to wholesalers except at the price and discounts then in effect unless prior written permission of the authority is granted for good cause shown and for reasons not inconsistent with the purpose of this chapter.”
Thus a licensee may purchase liquor for reasons not inconsistent with the purpose of this chapter upon obtaining prior *966 written permission of the Authority. It goes without saying that a purchase or sale to a wholesaler for sale or distribution in interstate or foreign commerce would be a purpose not inconsistent with this chapter. The requirement that a licensee obtain prior permission to make such purchases or sales is not such a burden on interstate commerce as to render it invalid under the commerce clause of the United States Constitution, particularly when it is taken into consideration; that the term “ Wholesaler ” means licensed wholesaler (Alcoholic Beverage Control Law, § 3, subd. 35) that section 62 of said law permits a licensed wholesaler 11 to sell or deliver to persons outside the state pursuant to the laws of the place of such sale and delivery ’ ’; that the State has the power to require its licensees to make all reports which it deems necessary to be made by any licensee (Alcoholic Beverage Control Law, § 17, subd. 8; U. S. Const., 21st Arndt.) and that the State and the Liquor Authority have the right and power to refuse to issue any license or permit provided for in the Alcoholic Beverage Control Law.
Plaintiffs’ allegation in this paragraph of their complaint of a violation of due process stands in no better position than their similar allegations in paragraphs 54, 90 and 94 of their complaint. The allegation that the requirement that “ net bottle and case price paid by the seller ” in no way serves to carry out the policy of the Alcoholic Beverage Control Law is a mere conclusion not supported by fact.
Further, the information would appear to have some value in determining whether the fundamental principles of price competition prevails in the industry and in determining whether unjustifiable prices are being charged to consumer in the State. Thus, this part of the legislation appears to be adapted to the end intended by section 8 of chapter 531. The court must, therefore, give it effect. (People v. Griswold, 213 N. Y. 92, supra.)
It, thus, clearly appears that the plaintiffs have failed to sustain the burden of demonstrating the unconstitutionality beyond a reasonable doubt. It is, therefore, the opinion of the court that the sections in question are constitutional. There being no clear question of fact presented here, declaratory judgment may be appropriately directed. (Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707, supra.)
The motion to dismiss the complaint is denied and judgment is directed in favor of the defendant declaring section 9 and section 7 of chapter 531 of the Laws of 1964 (Alcoholic Beverage *967 Control Law, § 101-b, subd. 3, par. [a]) to be, in all respects*, constitutional and valid.
Plaintiffs ’ application for a preliminary injunction is denied.