■    JOSEPH E. SEAGRAM & SONS, INC., et al., Appellants, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, et al., Respondents. — *Per Curiam.* Appeal (1) from so much of an order of the Supreme Court at Special Term as denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion for summary judgment awarding declaratory judgment, as demanded in the counterclaim, that certain acts amendatory of the Alcoholic Beverage Control Law are constitutional and otherwise valid, and (2) from the judgment entered upon said order. (Opinion: 45 Misc 2d 956.) Motion for a temporary restraining order. The action is brought by distillers, importers and wholesalers of liquor sold in New York for judgment (1) declaring that the provisions of section 9 of chapter 531 of the Laws of 1964, amending subdivision 3 of section 101-b of the Alcoholic Beverage Control Law, and certain of the provisions of section 7 of said chapter, amending paragraph (a) of subdivision 3 of section 101-b of the same act, are invalid as violative of the commerce and supremacy clauses of the Constitution of the United States (U. S. Const., art. I, § 8, cl. 3; art. VI, cl. 2) and as violative, also, of the due process and equal protection clauses of the Constitutions of the United States and the State of New York (U. S. Const., 14th Amdt., § 2; N. Y. Const., art. I, §§ 6, 11), and (2) enjoining the imposition of penalties for failure of compliance with such allegedly invalid provisions. Appellants' many-pronged attack is directed principally to the provisions requiring, in substance, that each distiller and wholesaler offer New York purchasers in respect of each brand sold by him a price no higher than the lowest price at which such item was sold elsewhere in the United States, as shown by schedules and affirmations required to be filed by him. The case thus involves important constitutional questions respecting legislation of social consequence and of wide application; it is well and thoroughly briefed and is presented upon an adequate record; it will, most likely, be further reviewed; and under all

these circumstances we deem it the function of this intermediate appellate court to reach its determination promptly and to state it succinctly and without elaboration. The legislative policy sought to be effectuated by the amendments in dispute was declared to be, among other things, to foster price competition, to eliminate discrimination against New York consumers and "to forestall possible monopolistic and anti-competitive practices designed to frustrate the elimination of such discrimination", price discrimination and favoritism being found "contrary to the best interests and welfare of the people of this state". (L. 1964, ch. 531, § 8.) Neither in the record nor in appellants' argument do we find a substantial basis for the assertion that equal protection has been denied. In the light of the legislative history and studies and, so far as applicable, the studies and reports of the Moreland Act Commission, and upon our finding that the strong supportive presumptions have not been overcome, we conclude that the enactment constitutes a valid exercise of the police power and effects no deprivation of due process. Appellants argue forcefully that the maximum price provisions of the amendments contravene the Robinson-Patman Act (U. S. Code, tit. 15, § 13 et seq.) and the Sherman Act (U. S. Code, tit. 15, §§ 1–7), and thus are violative of the supremacy clause and that the challenged amendments offend the commerce clause as well. The complete answer is, we believe, that the legislation lies well within the area of liquor traffic regulation in which, under the Federal Constitution, effective control may be exercised by the States. (U. S. Const., 21st Amdt., § 2; State Bd. v. Young's Market Co., 299 U. S. 59; Mahoney v. Triner Corp., 304 U. S. 401; Indianapolis Brewing Co. v. Liquor Control Comm., 305 U. S. 391; Finch & Co. v. McKittrick, 305 U. S. 395.) The later authorities, upon which appellants principally rely (see, e.g., United States v. Frankfort Distilleries, 324 U. S. 293; Hostetter v. Idlewild Liq. Corp., 377 U. S. 324; Department of Revenue v. Beam Co., 377 U. S. 341), seem readily distinguishable from the older cases, above cited, and from the case before us. In Frankfort was involved a criminal prosecution, which the court held (p. 299) was not barred by the Twenty-first Amendment, which "has not given the states plenary and exclusive power to regulate the conduct of persons doing an interstate liquor business outside their boundaries"; and the court was careful to point out (p. 299) that the Sherman Act "is not being enforced in this case in such manner as to conflict with the law of Colorado." Unlike the case before us, neither Idlewild nor Beam concerned an attempt by a State to exert internal control, within the ambit of the Twenty-first Amendment, but, rather, involved taxing procedures long recognized as illegal. Appellants' remaining contentions seem to us unsubstantial and do not require discussion. Judgment affirmed, with costs. Motion for temporary restraining order denied, without costs. Application for permission to appeal to the Court of Appeals granted, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.