Harold J. Hughes, J.
This is a motion for summary judgment in an action in which plaintiff, a retailer licensed to sell alcoholic beverages for off-premises consumption, seeks judgment declaring chapter 191 of the Laws of 1971 unconstitutional and enjoining its enforcement. Defendants have cross-moved for summary judgment upholding the statute.
The statute, subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law, provides as follows:
“No licensee authorized to sell liquor at retail for off-premises consumption shall sell, offer to sell, solicit an order for or advertise any item of liquor at a price which is less than cost. As used in this section, the term:
“ (a) ‘ liquor ’ shall mean liquor bearing a brand or trade name, and of like age and quality, which has been duly registered with and approved by the liquor authority pursuant to section 107A of this chapter, and
“ (b) cost ’ shall mean the price of such item of liquor to the retailer plus twelve percentum of such price, which is declared as a matter of legislative determination to represent the average minimum overhead necessarily incurred in connection with the sale by the retailer of such item of liquor. As used in this paragraph (b) the term ‘ price ’ shall mean the bottle price to retailers, before any discounts, contained in the applicable schedule filed with the liquor authority pursuant to section one hundred one-b of this chapter by a manufacturer or wholesaler from xohom the retailer purchases liquor and which is in effect at the time the retailer sells or offers to sell such item of liquor; except, that where no applicable schedule is in effect the bottle price of the item of liquor shall be computed as the appropriate fraction of the case price of such item, before any discounts, most recently invoiced to the retailer.” (Emphasis added).
Plaintiff contends that the statute is unconstitutional in that it is an arbitrary and unreasonable exercise of the State’s police power, that there is no basis in fact for the legislative determi *1038 nation that 12% of the bottle price is the average minimum overhead necessarily incurred in connection with the sale of such bottle of liquor; that plaintiff is deprived of a constitutional right by being compelled to sell liquor at an artificial price; that the statute is discriminatory in that it imposes a 12% markup on retail sale of liquor by package stores to benefit some retailers of the same class as plaintiff whereas no minimum selling price is imposed on any other licensee in the liquor industry; that the statute is inconsistent with the declared policy of the Legislature; and that the statute is discriminatory in that it permits licensees of the same class as plaintiff to sell at lower prices than plaintiff if plaintiff’s supplier schedules a higher resale price than other suppliers.
Before considering plaintiff’s contentions, the court first notes the extraordinary burden on a litigant challenging the constitutionality of a statute. “In weighing a challenge of unconstitutionality of a statute the courts observe the legal principles; that a legislative enactment carries with it an exceedingly strong presumption of constitutionality; that every intendment is in favor of the statute’s validity; that the heavy burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon the one who attacks a statute as unconstitutional and that only as a last unavoidable result do courts strike down a legislative enactment as unconstitutional.” (Seagram & Sons v. Hostetter, 45 Misc 2d 956, 961, affd. 23 AD 2d 933, affd. 16 N Y 2d 47, affd. 384 U. S. 35.)
Plaintiff’s first contention is that since the .statute has no relationship to the health, welfare or safety of the public, its enactment was an unreasonable exercise of the State’s police power.
The principle of mandatorily establishing prices for sales by bottle or case of brand-name alcoholic beverages was upheld against a vigorous constitutional attack in Seagram & Sons v. Hostetter (supra). The argument that the establishment of maximum prices is not justified as the exercise of the police power since it is not necessary for or related to the health, safety, morals or welfare of the State’s inhabitants, convinced three members of the Court of Appeals, but the majority holding was to the contrary. The main purpose of the statute there under attack was to eliminate price discrimination against the State’s residents which the Legislature deemed contrary to the welfare of the people of the State. The dissenters specifically challenged the sufficiency of this purpose for the exercise of the *1039 State’s police power; implicitly if not explicitly, the majority deemed the purpose a sufficient reason for the exercise of the police, power. In dealing with the contention that the 1964 statute was not suited to the promotion of temperance, the majority statéd: “ As to what best promotes temperance among the people of New York, it seems preferable to take the opinion of the Governor and the Legislature rather than that of the liquor industry ”, (Seagram & Sons v. Hostetter, 16 N Y 2d 47, 60.) Following the lead of the majority in Seagram é Sons, this court will not delve, as it is urged to do, into whether the present statute promotes temperance but respectfully defers to the judgment of the Governor and the Legislature.
The court, however, will consider what it deems the main purpose of the present statute ip order to determine whether the enactment is a valid exercise of the police power. The purpose for the enactment is found in the Final Report of the Senate Excise Committee which was submitted to the Legislature on April 5,1971, a copy of which was annexed to the moving papers. Among other facts, the committee found the continued employment in the industry of “ loss leader ” selling and unfair pricing in the period following the 1964 enactments. The committee also found accelerating concentration of volume in the hands of a relatively few stores and that hundreds of package stores were being forced out of business.
The committee’s summary of its “ Findings ” since the 1964 enactments noted “ an inordinate and continuing emphasis on price cutting and price promotions ” and the “ ineffectiveness of statutes incorporated in Ch. 531 to safeguard against such emphasis ”, (Final Report, p. 35.) It found that such emphasis is ‘ ‘ detrimental both to the fundamental purpose of alcoholic beverage control and to the attainment of ‘ normal ’ competition contemplated in the 1964 enactments.” (Final Report, p. 35.) It concluded that the survival of the entire retail economy of the liquor industry was threatened.
In short, the purpose of chapter 191 was to provide for greater stabilization in the off-premises retail segment of the industry so as to insure the ordinary sale and distribution of liquor; or, more directly stated, to prevent the large liquor stores from driving the smaller retail stores out of business.
This court holds that this reason for the legislation does not make it an invalid exercise of police power.
.In Nebbia v. New York (291 TJ. S. 502, 538), the United States Supreme Court said the following: “If the law-making body within its sphere of govermpent concludes th,at the conditions or *1040 practices in an industry make unrestricted competition an inadequate safequard of the consumer’s interests, produce waste harmful to the public, threaten ultimately to cut off the supply of a commodity needed by the public, or portend the destruction of thp industry itself, appropriate statutes passed in an honest effort to correct the threatened consequences may not be set aside because the regulation adopted fixes prices reasonably deemed by the legislature to be fair to those engaged in the industry and to th« consuming public. ’ ’
The legislation under consideration was obviously motivated by many of the same factors mentioned by the court in NebJ)ia. As stated in the Final Report of the Senate Excise Committee:
“ These observations afford a perspective with which tne Committee is in agreement.- the public is best served when in has a Variety of choices available to satisfy its diverse needs. During the course of the hearings it was brought to the Committee % attention that the consumer’s choice is not always dictate^ by price, whim or even casual convenience. It is often dictated by necessity due to infirmity, lack of transportation, etc., which not only precludes travel to store locations not proximate to the consumer’s residence, but sometimes demands service and delivery that is not provided by mass merchandisers,
“ Since it seems patent that the mass of small retailers are unable to compete with the large volume outlets that have emerged, most appear doomed barring the adoption of some formula that will permit the co-existence of both types of outlets. This leaves New York’s consumers facing the future prospect of being relatively poorly served only by mass merchandisers ” (pp. 29-30).
Plaintiff also contends that the legislative determination that 12% of the price per bottle is the average minimum overhead necessarily incurred, in connection with the sale of a bottle of liquor is an arbitrary and capricious determination violative of due process. Having concluded that the purpose of the statute is valid, the judgment of the court will not be substituted for that of the Legislature to determine whether the legislation will accomplish the desired end or can be effectively administered. Courts no longer employ the due process clause to invalidate State laws regulatory of business and industry conditions merely because such laws are deemed unwise or improvident (Seagram & Sons v. Hostetter, 45 Misc 2d at 961, supra).
Moreover, there is a presumption that the legislation is supported by facts known to the Legislature (Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413). The Legislature had before it when it *1041 enacted chapter 191 of the Laws of 1971 the Senate Excise Committee’s Final Report which recommended the 12% average minimum overhead.
Plaintiff’s contention that the statute is discriminatory in that no other members of the liquor industry have a mandated minimum selling price has been answered in numerous court decisions. ‘ ‘ The fact that the Legislature omitted certain ones who might have been included in the statute, does not render it unconstitutional,” (Seagram & Sons v. Hostetter, 45 Misc 2d 956, 964-965, supra). As a matter of law, “ a statutory discrimination will not be set aside if any state of facts reasonably may be considered to justify it ” (McGowan v. Maryland, 366 U. S. 420, 426).
Nor is the enactment unconstitutional because it allegedly permits licensees of the same class as plaintiff to sell at lower prices than plaintiff is permitted to sell if such other licensees purchase from a supplier charging prices lower than plaintiff’s supplier. The statutory requirement that a plaintiff apply the required percentage to the bottle price on the schedule of the supplier from whom plaintiff actually purchased was based on the recommendation of the Senate Excise Committee and was for the purpose of preventing circumvention of the corrective legislation. The court concludes that this requirement does not result in an unconstitutional discrimination against the plaintiff, inasmuch as the plaintiff is free to purchase from any supplier it chooses.
It is the court’s opinion that chapter 191 of the Laws of 1971 is in all respects constitutional. Since there is no question of fact to be decided, the court grants defendants’ cross motion for summary judgment declaring chapter 191 of the Laws of 1971 (Alcoholic Beverage Control Law, § 101-bb, subd. 2) to be constitutional and valid.