John T. Casey, J.
The plaintiff commissioner has brought this action to restrain the defendant from distributing, marketing, selling, offering for sale or advertising its product called "Second Nature, Cholesterol Free Egg Substitute”. The complaint contains three separate causes of action. The first is that the name of the product attempts to communicate to the purchasing public that the product is a natural one, equal to fresh eggs, when in fact it is only an imitation and must, therefore, contain the word "imitation” in its label in accordance with subdivision 3 of section 201 of the Agriculture and Markets Law or be considered a misbranded food within section 199-a. The second cause of action alleges that such labeling is misleading in violation of subdivision 1 of section 201. The third alleges that the advertisements of such product constitute false and misleading representation as to the qualities and characteristics of the product in violation of section 202-a of the Agriculture and Markets Law.
Before service of its answer, the defendant has moved herein to dismiss the complaint for its failure to state a cause *770 of action. This motion is based on the sole contention that subdivision 3 of section 201 of the Agriculture and Markets Law is unconstitutional and violative of the Fifth and Fourteenth Amendments of the Federal Constitution.
Conceding the statute the strong presumption of constitutionality and holding the defendant to the heavy burden imposed upon one who claims the unconstitutionality of a legislative enactment (Seagram & Sons v Hostetter, 45 Misc 2d 956, affd 23 AD2d 933, affd 16 NY2d 47) the test to be applied is dual. The first requires the statute to be tested on its face. By all applicable standards the statute sustains the first attack and its constitutionality is so declared. If a food product "imitates” another, that is, if one food copies, or is made to resemble another in appearance, taste, color, texture and in other qualities compositely considered and is cheaper but of lesser quality than the original because of the use of less expensive and inferior ingredients and at the same time is calculated to deceive the buyer by making him believe he has purchased a product as good as the original for a cheaper price, then such imitative food should be required to bear the word "imitation”. (62 Cases of Jam v United States, 340 US 593; United States v 651 Cases, More or Less, of Chocolat Chil-Zert, 114 F Supp 430, 432; Swift & Co. v Walkley, 369 F Supp 1198.) The manufacture and sale of "imitation” maple syrup, honey, vinegar, milk, cream (evaporated and dry), ice cream, cheese and butter have been held to be expressly prohibited by the statute without such compliance (see 23 NY Jur, § 42, p 242), and it is no constitutional infringement on any manufacturer or processor of food to require that the public be so informed.
The second test admits the constitutionality of the statute on its face, but contends that it is being applied against the petitioner in an unconstitutional manner. In this regard, if the commissioner seeks herein to compel the defendant to use the word "imitation” directly in front of the name of its product when the defendant’s product is not in fact an imitation of such food then such action of the commissioner would be arbitrary in attempting to apply a constitutional statute in an impermissible manner and the defendant’s motion for summary judgment would have to be granted, dismissing the case for its failure to state a cause of action.
The facts are not in dispute. The type, kind, labeling, packaging, contents and advertising of the defendant’s food *771 product are all admitted. The only disagreement is whether or not the product as offered for sale to the public attempts to "imitate” another food (the commissioner contends the product is an imitation of fresh eggs) in violation of the statute. The package does not remotely resemble the shape or color of an egg. It is a one pint cardboard container similar to a milk carton. The basic color is gold with a brown area that contains black lines and lettering. The lettering calls the product "Second Nature” a name that does not vaguely suggest "eggs”. The lettering also states that the product is cholesterol free, a fact that is not disputed, and then the words "Egg Substitute” "Vi calories of whole eggs”. The word "substitute” does not convey the impression that the buyer is purchasing a pure egg product. A substitute is something that is used in place or instead of something else, such as honey as a sweetener, is a substitute for sugar. It could not be seriously contended that a jar of honey would have to bear the words "imitation sugar” or vice versa. In this regard the use of the word "substitute” by the defendant in the package containing its product does not convey the impression to any prospective purchaser that this product is imitative of an egg.
There is no claim herein that the carton does not accurately state its contents, or that any of the ingredients are in any way deleterious or harmful to public health. The sole claim is that the product violates subdivision 3 of section 201 of the Agriculture and Markets Law in that it is an imitative food and fails to so state.
In my opinion, the product does not fall within the prohibition of the section pleaded, for it is a "substitute” rather than an "imitation”. The obvious impression attempted to be created is that the defendant wants its product to be eaten in place of eggs, especially by the cholesterol conscious (the product contains the whites but not the yolks of whole eggs) and the weight watchers (for one serving of the product contains one half the calories of a whole egg).
In sum, "Second Nature” is a synthetic product separate and distinct from eggs, and its advertising fairly gives the buyer the choice of purchasing and eating it, or of purchasing and eating natural eggs; the same as the buyer would have the choice of tomato juice or orange juice for breakfast or sausage or bacon without one being required to state that it is an imitation of the other, and as such a separate product it cannot be said to be an imitation and the commissioner’s *772 attempt to require it to be so considered and labeled is arbitrary and capricious.
The defendant’s motion for summary judgment is accordingly granted.